McDaniel, governor, *vs.* The Gate City Gas Light Company.

1. Under the third section of the act of February 28, 1876, which provides that public or private corporations neglecting or refusing to comply with the preceding provisions of the act (which require that all public or private corporations in the State issuing or indorsing bonds for circulation shall furnish to the secretary of State

a certified statement descriptive of the bonds and giving the date of the law, if any, authorizing their issue, and that corporations then having bonds in circulation issued or indorsed by them, should furnish a like statement within ninety days from the passage of the act), shall be fined in a sum not exceeding five hundred dollars for each offence, one-half of said fine to go to the party giving information of such violation and the other half to the public school fund of the county, a civil action could be brought in the name of the governor against a corporation so failing or refusing to comply. Under such a suit, the penalty would be for the omission of duty, and in no event could more than five hundred dollars be recovered; but that amount or any less sum might be recovered, the amount being fixed by the jury under all the circumstances of the case; and as bearing on the measure of recovery, it may be shown that the defendant acted in good faith in issuing the bonds without having made the return required; that it did so in ignorance; and that as soon as it ascertained what the law was, it made a return; and these facts may be considered in assessing the amount of the penality.

2. The fourth section of the act of 1876, which imposes upon any person placing such bonds in circulation, without a compliance with the requirements of the act, a fine of five hundred dollars for every bond so put in circulation, acts upon the individual and subjects him to indictment and punishment, but does not give a right of suit and recovery for the benefit of an informer or for the school fund. A count of a declaration based on that section was demurrable.

March 12, 1887.

Actions. Corporations. Bonds. Criminal Law. Before Judge MARSHALL J. CLARKE. Fulton Superior Court. September Term, 1886.

Reported in the decision.

CANDLER, THOMSON & CANDLER, for plaintiff in error.

HENRY JACKSON, for defendant.

BLANDFORD, Justice.

On the 28th of February, 1876, the legislature passed an act as follows:

*An act to provide for keeping a record of all bonds issued in this State, and for other purposes.*

SECTION I. Be it enacted, etc., that from and after the passage of this act, it shall be the duty of all public and private corporations in this State, who shall issue or indorse any bonds for circulation, to furnish to the secretary of State a certified statement showing the letter, date of issue, number of bonds, amount of issue, rate of interest, when and where payable, and the date of the law, if any, authorizing such issue. And it shall be the duty of the secretary of State to have same recorded in a book to be kept by him for that purpose.

SECTION II. Be it further enacted, that all public and private corporations in this State, who have bonds now in circulation, issued or indorsed by them, shall furnish to the secretary of State, within ninety days from the passage of this act, certified statements required by the first section of this act, and the same shall be recorded by said officer as provided for in said first section.

SECTION III. Be it further enacted, that public or private corporations neglecting or refusing to comply with the provisions of this act, shall be fined in a sum not exceeding five hundred dollars for each offence, one-half of said fine to go to the party giving information of such violation, and the other half to go to the public school fund of the county.

SECTION IV. Be it further enacted, that no bonds shall be placed in circulation until the provisions of the first section of this act with regard to such bonds shall have been complied with, and any person placing such bonds in circulation without such compliance shall be subject to a fine of five hundred dollars for every bond so put in circulation, etc.

The plaintiff in error, the governor of the State, brought an action in favor of a certain person as informer, and for the school fund of the county, against the Gate City Gas-Light Company. Two counts are in the declaration, one upon the third section of this act, and one upon the fourth section. The declaration was demurred to by the defendant. There was a special demurrer as to the first count in the declaration, upon the third section of the act, and a general demurrer to the declaration. The court sustained the demurrer and dismissed the action. This was excepted to, and this is the error complained of.

1. Under the third section of this act, where a corporation. public or private—municipal or private, fails to return to the secretary of State any bonds which it desires to issue

and put in circulation, or where it has had bonds put in circulation, and failed to return to the secretary of State within ninety days after the passage of this act, a penalty is incurred, not exceeding five hundred dollars, for failure to make that return, half of which is to go to the informer, and the other half to the county school fund. No penalty greater than five hundred dollars can be incurred under this section of the act. The act imposes a duty upon the corporation to make this return; for failure on the part of the corporation to perform this duty, it incurs a penalty, which is not to exceed five hundred dollars. The penalty is not fixed at five hundred dollars, but it is not to exceed that amount. The amount of the penalty is barred up on one side—is walled up, so to speak, so that it cannot go beyond five hundred dollars; but it may be reduced to one dollar or one cent. This not being a fixed penalty, it is argued before us that no recovery at law can be had for it. We do not agree to this. We think that the fact that it is walled up on one side so as not to exceed five hundred dollars, and is left open on the other side, is done for the benefit of the defendant; and that he cannot complain of an act of the legislature which is manifestly for his benefit; and we think that an action at law can be maintained upon this third section of the act.

We do not think that an indictment is the proper remedy under this act. The defendant is a corporation. We do not understand that in this State a corporation can be indicted for an offence. This is an offence against the law, and we do not think the defendant can be indicted for it; but we think that this action was properly brought by the governor, for the benefit of the informer and the county school fund, and that it can be properly maintained under our code, which authorizes the State, the governor, the attorney-general, or the solicitor-general, where the act does not provide for any person bringing a suit for the penalty, as in this case, to bring the action for the benefit of any person who informs.

2. We think that under the fourth section of the act, no action at law can be maintained at all. We think that under that section, the legislature intended to impose a fine on any person who puts the bonds in circulation. It acts upon the individual; and there is no provision in that section of the act for an informer, or for any school fund, or anything else. It is a penalty of five hundred dollars for every bond put in circulation, which goes to the fines and forfeitures fund of the court; and the party who violates the law in this way is subject to be indicted for it and fined this sum. We think, therefore, that the declaration was defective, so far as it was based on the fourth section of the act, and no action could be maintained upon it; and the demurrer to this count was properly sustained by the court below. But we think the court erred in sustaining the demurrer to the first count and dismissing the whole case.

As the act does not point out whether the court is to fix the penalty prescribed by the third section, or whether the jury is to fix it, we think that the amount of the penalty is a question for the jury to decide, under all the facts and circumstances of the case. The defendant may submit evidence to show good faith in having issued the bonds without having made a return to the secretary of State; it may show that it did so in ignorance; it may show that as soon as it was ascertained what the law was, it made a return to the secretary of State; and these things may be taken into consideration by the jury, under proper instructions from the court, and the jury may find against the defendant and assess the penalty, whether one hundred dollars or five hundred dollars. It is not, under any circumstances, to exceed five hundred dollars. The penalty is based on an omission of duty; that is the act complained of—a single act—in failing to make a return to the secretary of State as to the bonds which have been issued.

Judgment reversed.