UNITED STATES v. CORRESPONDENCE INSTITUTE OF AMERICA

(District Court, M. D. Pennsylvania. September 30, 1903.)

No. 7.

I. CRIMINAL LAW—INDICTMENT OF CORPORATION—NECESSITY OF PRELIMINARY COMPLAINT.

In the prosecution of a corporation, the appropriate first step is the finding of an indictment, a preliminary complaint and hearing being unnecessary.

Rule to Quash Indictment.

C. A. Van Wormer, for defendant.
S. J. M. McCarrell, Dist. Atty., for the United States.

ARCHBALD, District Judge. This indictment was found at the June term, 1903, and the caption should so state, instead of describing it as found in October term, 1902; but this is amendable by the record, and there is no occasion, therefore, for quashing the indictment as a a whole.

The second and third counts are defective in not charging that the letters which are there spoken of were deposited in the post office in pursuance of the scheme to defraud, which the defendant is said to have devised. And the fourth count is objectionable as embracing a large number of different offenses, the statute limiting each indictment, to say nothing of each count, to three offenses, committed within the same six calendar months.

Aside from this, the indictment, limited to the first and fifth counts, is good. The fact that there was no previous complaint or binding over is of no consequence. The defendant is a corporation, and the

finding of an indictment is the appropriate first step, therefore, in the prosecution. U. S. v. John Kelso Co. (D. C.) 86 Fed. 304; Com. v. Lehigh Valley R. R., 165 Pa. 162, 30 Atl. 836, 27 L. R. A. 231; Boston, etc., R. R. v. State, 32 N. H. 215; State v. West North Carolina R. R., 89 N. C. 584.

The second, third, and fourth counts are quashed. The exception to the caption is sustained, with leave to amend. The remaining exceptions are overruled.