## SOUTHERN RAILWAY COMPANY *v.* THE STATE.

1. A corporation is not, merely because it is a creature of the law without physical existence, immune from indictment and criminal prosecution for nonfeasance in neglecting to perform duties which it owes to the public.

2. It is within the constitutional power of our General Assembly to impose upon a railway company the duty of providing an adequate supply of pure drinking water for its passengers while journeying upon its cars, and to provide that the corporation shall be indicted, prosecuted, and fined for a neglect of this public duty.

(*a*) In so far as the legislature has undertaken to inflict upon violators of the Penal Code, §522, punishment other than fine, the punitive clause thereof is inoperative, because incapable of enforcement.

(*b*) That section is not, however, violative of the constitutional requirement that all general laws shall have uniform operation; since all violators convicted thereunder must necessarily be punished in the same way, by fine and not otherwise.

3. When a corporation which is under indictment voluntarily makes an appearance in court by its attorney and demurs to the indictment, it thereby waives service of process upon it in the manner pointed out by statute.

Argued April 17,—Decided May 11, 1906.

Indictment for misdemeanor. Before Judge Parker. Appling superior court. March 8, 1906.

*DeLacy & Bishop,* for plaintiff in error.

*John W. Bennett, solicitor-general,* contra.

EVANS, J. The Southern Railway Company was indicted for violating Penal Code, §522, the indictment charging that the defendant "did run and operate passenger-cars, to wit a passenger-car on train number thirteen, the same being passenger-cars upon which passengers were transported, and did then and there fail to keep in such passenger-cars an adequate supply of good, pure drinking water during the day and night for the use of passengers." On the call of the case for trial the defendant demurred to the indictment, and the demurrer was overruled. The defendant's counsel then orally moved the court to quash the indictment, because service had not been made on the defendant as required by the Penal Code, §938; the court denied the motion to quash, and continued the case for the term in order that proper service might be made. The bill of exceptions complains of the overruling of the defendant's demurrer, and of the refusal of the court to quash the indictment for want of service on the defendant.

1. Several grounds of the demurrer present the proposition that a corporation is not indictable. In *McDaniel* v. *Gate City Gas Light Co., 79 Ga.* 61, this language was used: "The defendant is a corporation. We do not understand that in this State a corporation can be indicted for an offense." This remark was made by Mr. Justice Blandford in the course of his argument to prove that the penalty imposed by the third section of the act of February 26, 1876 (Civil Code, §1867), on corporations for neglecting or refusing to record bonds issued by them in the office of the Secretary of State, was enforceable by civil action. It was not necessary, for the decision of any question involved in that case, to hold that a corporation was not indictable; and the quoted extract is obiter. The question was attempted to be raised in a later case, but it was there held that it was too late, after voluntarily going to trial upon the merits, for a corporation to contend that it was not liable to indictment, and the point was not ruled. *So. Ex. Co.* v. *State,* 114 *Ga.* 226. So the proposition that a corporation may not be indicted is an open one in this State. "Lord Holt is reported as having said that a corporation is not indictable, but the particular members of it are. This doctrine, however, if it has ever obtained, is not now recognized in any jurisdiction." 1 Clark & Marshall on Priv. Corp. §246. And it is now very generally held that a corporation may be indicted and fined for offenses consisting of mere nonfeasance, as where it neglects to perform duties which it owes to the public. Ibid. §247; 7 Am. & Eng. Enc. Law, 841. The old idea, that inasmuch as a corporation was created for lawful purposes and had no power to do anything unlawful, it was not responsible for the acts of its servants or officers in excess of its charter authority, has long since been repudiated. An action of trespass, as well as of trespass on the case, will lie against a corporation. *Central Ry. Co.* v. *Brown,* 113 *Ga.* 414. It is perfectly competent for the creator of this artificial person to prescribe corporate responsibility for failure to perform certain acts which may be required of it. Nor can there be any possible objection that corporate disobedience of the sovereign's command may be punished by fine, or by forfeiture of charter. With the power in the State to inflict a penalty for the violation of a statute enjoining duty, it matters little whether the procedure be in its nature civil or criminal. In some instances the remedy by indictment is more effica-

cious and prompt than by civil action. While a corporation may not be imprisoned, it may be fined, and the fine enforced by levy on its property.

2. Another ground of the demurrer is, that it is not the inherent duty of a railroad company to furnish drinking water for its passengers, and that a failure to do so can not be made a crime by legislation. It would certainly be startling doctrine to deny the legislature the power to impose a duty upon a corporation and require its performance, when there is no constitutional restraint. The demurrer also makes the point that Penal Code, § 522, is unconstitutional in so far as it undertakes to make a violation of the same a misdemeanor, because the punitive clause is impossible of enforcement, and because the constitution of this State (Civil Code, § 5732) provides that "laws of a general nature shall have uniform operation throughout the State;" that the Penal Code, § 1039, provides that "every crime declared to be a misdemeanor is punishable by a fine not to exceed one thousand dollars, imprisonment not to exceed six months, to work in the chain-gang . . not to exceed twelve months, and any one or more of these punishments may be ordered in the discretion of the judge;" and that the provision in section 522, that a violation thereof shall be punished as for a misdemeanor, "is not uniform, and from the nature of things can not be uniform, for that it is manifestly impossible to impose on a railroad company, as such, a sentence or punishment of imprisonment or work in the chain-gang or any public works, as may be imposed upon a natural person convicted of a similar offense or misdemeanor, and it is also impossible for the judge to exercise the discretion with which he is invested, of imposing any one or more of said punishments prescribed for misdemeanors," wherefore that section of the Penal Code militates with the above-mentioned provision of the constitution. From the very nature of the case, only so much of section 1039 as prescribes a fine is enforceable; so much as relates to imprisonment is inoperative. This clause of the constitution was intended to operate only on laws, which declared rights, provided remedies, or denounced certain acts as criminal; to laws complete in themselves. The punitive feature is only a part of a law, and for convenience the legislature fixed a general punishment for those convicted of misdemeanors. In effect, this section (1039) became a part of every section of the Penal Code which defined a misde-

meanor. The mere inappropriateness of a portion of the penalty would not serve to render section 522 obnoxious to the constitutional provision as to general laws having uniform operation. That section applies only to railroad companies, and all corporations convicted thereunder must necessarily be punished alike, though not, of course, in the same way as may be violators of another penal statute which declares that they may be punished as for a misdemeanor.

3. The Penal Code, § 938, provides the process against a corporation which has been indicted. As this intangible person has no physical existence and can not be taken under warrant, the legislature has provided a certain mode of service by which the court acquires the power to hear and determine the charge against the corporation under indictment. The sole purpose of the service and notice provided in that section is to bring the artificial person before the bar of the court for trial. Until service is had in the prescribed way, or is waived by the corporation, the trial can not legally proceed. If the corporation voluntarily appears in court by attorney and demurs to the indictment, the corporation is before the court, and further proceedings may be had without reference to the regularity of the service. Its appearance and pleading by demurrer may be analogized to the voluntary action of a natural person who, hearing of an indictment against him, comes into court without waiting for process to be issued against him, and demurs or otherwise pleads to the indictment. After demurrer or plea, it is of no consequence whether a warrant issued for his arrest or not; by his voluntary act the court acquires control over his person for all purposes of the particular trial. Likewise, when the defendant corporation demurred to the sufficiency of the indictment, it submitted itself to the jurisdiction of the court in the particular case, and it then became immaterial whether the service was regular or irregular. There was no error in refusing to quash the indictment because of irregularity or insufficiency of the service.

*Judgment affirmed.    All the Justices concur.*