## SIMS v. STATE.

No. 11787—Opinion Filed Feb. 23, 1921.

(Syllabus by the Court.)

Corporation Commission — Jurisdiction — Public Utilities—Cotton Gins—Charges for Bagging and Ties.

Sections 1 and 4 of the act of the Legislature of 1915, ch. 176, provide: "Section 1. That cotton gins are hereby declared to be public utilities, and the operation of same for the purpose of ginning seed cotton is declared to be a public business. Section 4. That the Corporation Commission shall have the same power and authority and be charged with the duty of regulating and controlling such cotton gins in all matters relating to the performance of public duties and the charges therefor, and correcting abuses and preventing unjust discrimination and extortion, as is exercised by said commission as to transportation and transmission companies, and shall have the same power to fix rates, rules, charges and regulations to be observed by such person or persons, or corporation, operating gins, and the affording of all reasonable conveniences, facilities and service as it may impose as to transportation or transmission companies." Held, under said sections, that cotton gins within the state of Oklahoma are public utilities, and that the Corporation Commission is vested with jurisdiction to prescribe the price to be charged for bagging and ties furnished to customers by the operators of gins.

Appeal from Order No. 1785 of the Corporation Commission (Jake Sims, appellant; the State of Oklahoma, appellee) to reverse the order of said commission prescribing the retail price of bagging and ties to be charged by the operators of gins within the State of Oklahoma for the season of 1920. Affirmed.

Bond, Melton & Melton, for appellant.

E. S. Ratliff, for appellee.

KENNAMER, J. Jake Sims, the appellant, prosecutes this appeal to reverse order No. 1785 of the Corporation Commission of the state of Oklahoma, made on the 11th day of September, 1920, prescribing the rate for ginning cotton and the price to be charged by ginners furnishing bagging and ties. The material parts of the order appealed from read as follows:

"1. All cotton ginned in Oklahoma during the coming season shall be charged for on the 'seed basis' as is the custom at the present time.

"2. Rates and charges for ginning cotton in the state of Oklahoma from and after the effective date of this order shall be forty cents (40c) per one hundred (100) pounds for ginning seed cotton, fifty cents (50c) per one hundred (100) pounds for ginning snapped cotton, and sixty cents (60c) per one hundred (100) pounds for ginning 'bollies.'

"3. That ginners who have not installed seed scales will, in the instances in which they are unable to agree upon an estimate of amount of seed, be required to catch and weigh the same.

"4. The ginner must perform such ginning service in a proper and workmanlike manner, using due care and diligence in producing a clean product and in saving for the owner of the cotton the full and fair weight to which he may be justly entitled.

"5. That charges for bagging and ties shall be $2.00 for the coming season."

That part of the order prescribing the price to be charged by ginners furnishing bagging and ties is the only part of the order which the appellant seeks to reverse and set aside, and the only question presented to this court for decision is whether the Corporation Commission is vested with jurisdiction to prescribe the price to be charged for bagging and ties which gin operators furnish to their customers.

The counsel for the appellant contend that there is no duty imposed by the Legislature upon cotton ginners to furnish bagging and ties; that bagging and ties are merchantable articles subject to purchase and sale, dealt in by some cotton ginners and by other persons in the state, and that the commission has never sought to require the cotton ginners to furnish bagging and ties with which to wrap cotton, either as a part of the services of ginning or as a merchantable article for the convenience of the customers; that the commission is without jurisdiction to require the ginners to furnish bagging and ties as a part of the services rendered by a cotton gin in ginning cotton, because the commission could not control the prices of the manufacturer or the wholesaler, therefore, the commission is without jurisdiction to prescribe the prices

to be charged for bagging and ties when furnished by the ginner. The order made in the case at bar is not attacked as being unreasonable or unfair.

The Session Laws of 1915, ch. 176, provide:

"Section 1. That cotton gins are hereby declared to be public utilities and the operation of same for the purpose of ginning seed cotton is declared to be a public business.

"Section 4. That the Corporation Commission shall have the same power and authority and be charged with the duty of regulating and controlling such cotton gins in all matters relating to the performance of public duties and the charges therefor, and correcting abuses and preventing unjust discrimination and extortion, as is exercised by said commission as to transportation and transmission companies, and shall have the same power to fix rates, rules, charges and regulations to be observed by such person or persons, or corporation, operating gins, and the affording of all reasonable conveniences, facilities and service as it may impose as to transportation or transmission companies."

Under section 1 of said act, supra, cotton gins are declared to be public utilities and the operation of the same is declared to be public business.

Under section 4 of said act, supra, the Corporation Commission is vested with authority and charged with the duty of regulating and controlling cotton gins in all matters relating to the performance of public duties and the charges therefor, correcting abuses and preventing unjust discrimination and extortion. To hold that the Corporation Commission is without jurisdiction to prescribe the rate at which ginners must furnish bagging and ties would, in effect, be the same as holding that bagging and ties are not a reasonable facility or convenience in the operation of ginning cotton. We cannot concur in this view. In the case of Atchison, Topeka & Santa Fe R. Co. v. State ex rel., 23 Okla. 210, 100 Pac. 11, it was held by this court that a telephone was one of the facilities and conveniences contemplated in section 18, art. 9, of the Constitution, and that the Corporation Commission was vested with jurisdiction to determine whether or not it would be just and reasonable to require the company to install at its railway station a telephone. Undoubtedly it cannot be maintained that a telephone is more of a facility or convenience in the proper discharge of duties by a railway company than the furnishing of bagging and ties in serving the public in the ginning of cotton. It really

needs no citation of authority or reasoning to demonstrate the fact that there would be no ginning of cotton without the use of bagging and ties. Furthermore, it is a matter of common knowledge that it is the custom of farmers throughout the entire cotton-producing section of the country to expect, on carrying their cotton to a gin, that they will find such necessary conveniences and facilities as bagging and ties for the purpose of having their cotton ginned.

Counsel for the appellant relies upon the case of Midland Valley R. Co. v. State ex rel., 35 Okla. 672, 130 Pac. 803, wherein this court held that the dipping of cattle by the railway company engaging in transporting cattle over its lines from points below the quarantine line to points above the quarantine line, when such dipping was in accordance with the quarantine regulations prescribed by law, constituted a part of its public service, and that the Corporation Commission had the power, under section 18, art. 9, of the Constitution, to prescribe a reasonable charge to be paid by the patrons of the railway company for such services.

The appellant in the case at bar insists that this decision was based upon a quarantine regulation, but upon an examination of the case we find that the same does not support the contention of the appellant. Mr. Justice Williams, delivering the opinion of the court, said:

"It is the custom for the appellant to provide for this dipping prior to said cattle being turned loose at such points of delivery above the quarantine line, and the furnishing of the facilities for the dipping of such cattle by said appellant, therefore, by custom, comes within its duty as a common carrier."

Now, in the case at bar, it has been the custom for a number of years for the operators of cotton gins throughout the cotton-growing sections of this country to supply the customers of their gins with bagging and ties, and the furnishing of the same is an indispensable incident to the proper performance of their public duties in the operation of the public gins. The phrase, "such public service facilities and conveniences as may be reasonable and just," as used in section 18, art. 9, of the Constitution, has been defined not only by this court, but by the Supreme Court of the United States, to mean everything incident to the general, prompt, safe, and impartial performance of the duties to the public at large imposed by the state in the proper exercise of its police power. Chicago, R. I. & P. R. Co. v. State et al., 23 Okla. 94, 99 Pac. 901; Wis-

consin, M & P. R. Co. v. Jacobson, 179 U. S. 287, 21 Sup. Ct. 115, 45 L. Ed. 194; Gladson v. Minnesota, 166 U. S. 427, 41 L. Ed. 1064.

Collier, in his work on Public Service Companies, on page 303, has announced the rule with regard to public service companies performing their duties toward the public to be:

"It is a duty of a public service company to furnish the necessary facilities for the proper carrying on of its business to the convenience of the general public."

This rule is supported by many authorities: Railroad Commissioners v. P. & O. Cent. R. Co., .63 Me. 269, 18 Am. Rep. 208; Commonwealth v. Alger, 7 Cush. (Mass.) 53; Thorpe v. Rutland & Burlington R. Co., 27 Vt. 140, 62 Am. Dec. 625; Lakeshore & Mich. So. R. Co. v. Ohio, 173 U. S. 285, 43 L. Ed. 702; Southern R. Co. v. State, 125 Ga. 287, 54 S. E. 160; State v. Redmon, 134 Wis. 89, 114 N. W. 137.

Section 18, art. 9, of the Constitution of Oklahoma provides.

"The commission shall from time to time prescribe and enforce against such companies in the manner hereinafter authorized, such rates, charges, classifications of traffic, and rules and regulations, and shall require them to establish and maintain all such public service facilities and conveniences as may be reasonable and just, which said rates, charges, classifications, rules, regulations and requirements the commission may from time to time alter or amend."

The Legislature of this state, under section 1 of the act of 1915, ch. 176, has placed cotton gins in the class of public utilities, and the Corporation Commission is vested with the same authority to regulate the operation of gins as it has to regulate and control the operation of railroads or any other public utility within the state, and we believe that the Corporation Commission, in prescribing the price at which cotton gins must furnish bagging and ties, is within the jurisdiction conferred upon it by the Constitution and laws of this state.

The order of the commission is therefore affirmed.

HARRISON, C. J., and KANE, JOHNSON, and MILLER, JJ., concur.