## Commonwealth *v.* Stanley, Appellant.

*Criminal law—Operating motor vehicle in violation of Act of June 30, 1919, P. L. 678 (Motor Vehicle Act)—Indictment—Motion to quash—Failure to state name of county—Judicial notice of location of township where offense was committed—Sufficiency of indictment.*

In a prosecution for violation of section 23 of the Act of June 30, 1919, P. L. 678, requiring any operator of a motor vehicle who shall have injured the person or property of another user of the highway to stop and render aid, etc., the failure to issue a warrant is not ground for quashing the indictment, where the defendant voluntarily appeared and submitted himself for trial.

Nor is the failure to set forth in the information, the name of the person injured or of the county wherein the offense was committed, a reason for setting aside the judgment. The transcript of the justice of the peace mentioned the place where the offense was committed to be in Radnor Township. The court could take judicial notice that Radnor Township is in Delaware County.

Where the defendant has given bail to answer the charge he cannot after indictment found, raise questions concerning the legality of his arrest on a motion to quash.

Argued March 8, 1922.   Appeal, No. 299, Oct. T., 1921, by defendant, from judgment of Q. S. Delaware Co., Sept. Sessions, 1920, No. 50, on verdict of guilty in the case of Commonwealth of Pennsylvania v. Arthur Stanley.   Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, and LINN, JJ.   Affirmed.

Indictment for violation of section 23 of the Act of June 30, 1919, P. L. 678.   Before HANNUM, J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty in which judgment of sentence was passed.   Defendant appealed.

*Errors assigned,* among others, were refusal of defendant's motions to quash the indictment and in arrest of judgment.

*Edwin O. Lewis,* for appellant.

*William B. McClenachan, Jr.,* Assistant District Attorney, and with him *William Taylor,* District Attorney, for appellee.

OPINION BY TREXLER, J., March 3, 1922:

The defendant was indicted for violation of the 23d section of the Automobile Act of June 30, 1919, P. L. 678, which provides that, "Any operator of a motor vehicle who shall have injured the person or property of another user of the highway shall stop, and render such assistance as may be necessary, and shall, upon request, give his name and address to the injured party or his proper representative."   The evidence produced by the Commonwealth was that on July 9, 1921, the defendant, driving his employer's limousine car, on the Lancaster

pike, in Delaware County, "side-swiped" the prosecutor's Ford car and injured an occupant and did not stop after the collision.

Before the jury was sworn, defendant moved to quash the indictment and after the verdict of guilty, moved in arrest of judgment, both of which motions the court refused and this furnishes the basis of the first and second assignments of error, the reasons urged in support of each being in substance the same. It is stated that the defendant was never arrested on a warrant but appeared when his employer was notified to come to the hearing at the justice's office. No wrong was done the defendant by such a course of procedure. He came voluntarily and, as far as the record shows, raised no objection. The further objection is made that the information or transcript did not sustain the indictment as found and that the name of the person injured was not mentioned in the information, nor the county in which the offense was committed. These objections are entirely technical. The defendant went to the trial knowing with what he was charged. When he had given bail to answer the charge, he could not after the indictment then have raised such questions by motion to quash: Com. v. Keegan, 70 Pa. Superior Ct. 436, and cases there cited. As to the statement that the county in which the crime was committed was not set forth in the transcript, we note that the justice's return shows that the place is mentioned as Lancaster Avenue at St. David's Golf Club in Radnor Township. The court could take judicial notice that Radnor Township is in Delaware County: Commonwealth v. Kaiser, 184 Pa. 493.

The third assignment is an objection to the ruling by the court, in which he excluded the cross-examination of the prosecutor as to how fast he was going when the collision occurred. The court ruled the question was immaterial. There was no reversible error in this. The defense was an alibi. The fact that two cars collided was

not the question in dispute, but the defendant denied that he was driving one of them.

The fourth assignment is without merit and needs no comment.

The fifth assignment, the court excluded the question "Do you know at what distance in the day time you can see those letters?" The distance in which the witness could see the letters would throw no light upon how far the witness who testified to the occurrence could have seen them.

The sixth assignment requires no attention.

The seventh refers to the admissibility of the record of authority licenses issued by the State of Pennsylvania. The matter is not properly before us. We cannot seek for error outside of the record. The colloquy as to this item of evidence is as follows:

"By the Court: Have you anything further?

"By Mr. Hodge: Just one further. I would like to offer this book in evidence. If you will recollect, Chief Sweeney—

"By the Court: Oh, no.

"By Mr. Hodge: He says it was the kind of a book.

"By the Court: I don't care what it is. You might as well offer the Bible. It would not be evidence here.

"By Mr. McClenchan: That is all.

We doubt very much whether the book was competent, but under the manner it was presented, we need not discuss the matter. The content of the book or at least the part desired to be considered, should have been brought on the record.

The only other assignment that requires to be considered is the one as to the inadequacy and unfairness of the charge. There was only a general exception taken to the charge and the attention of the court was not directed to any inadequacy or misstatement. The court charged that the burden was upon the Commonwealth, and "If you have any doubt, after the hearing of the

testimony that this man was driving the car upon the night that this man's car was run into, then it is your duty to give him the benefit of it and acquit him." It is true he commented upon the fact that the witness for the Commonwealth was able to pick out the very car that belonged to the defendant's employer, that the number he saw on the car turned out to be the number of the car belonging to the defendant's employer and the proof had been that the car had been driven at 8:45 that night but he qualified the remark by stating that it was for the jury to state whether the witness was telling the truth, and that his statement was only an expression of opinion, which the jury were told they were not bound to adopt. We find that the case was fairly submitted to the jury. The assignments of error are overruled and the judgment is affirmed and the record remitted to the court below and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed when the appeal in this case was made a supersedeas.