## Commonwealth v. Sacramanti.

*Criminal law—Assault and battery—Aggravated assault and battery—Indictment — Full investigation of facts by justice of the peace — Acts of March 31, 1860, and May 27, 1919.*

1. Assault and battery and aggravated assault and battery are separate and distinct crimes, punishable under sections 97 and 98 respectively of the Act of March 31, 1860, P. L. 382, 407.

2. Upon an indictment charging an aggravated assault and battery, if the injury done to the person assaulted does not justify a conviction of the offence, the jury may, nevertheless, convict him of simple assault and battery, on the principle that a charge of the minor offence is included in a charge of the commission of the greater or aggravated offence.

3. An aggravated assault and battery is not within the scope of the Act of May 27, 1919, P. L. 306, relating to full hearing and investigation of facts by the justice.

4. A defendant charged with assault and battery may waive a preliminary hearing entirely, and may, therefore, waive any rights he may have under the Act of May 27, 1919, P. L. 306.

5. No question touching the legality of an arrest of commitment can be raised on a motion to quash an indictment.

Motion to quash bill of indictment. Q. S. Schuylkill Co., May T., 1923, No. 648.

*M. A. Duffy*, Assistant District Attorney, for Commonwealth.

*David Whitehouse*, for defendant.

BERGER, J., May 21, 1923.—The defendant was arrested April 21, 1923, on an information charging that he struck the prosecutor and stabbed him in the face with a pocketknife. On April 23, 1923, after a hearing before the jus-

tice of the peace, he was committed in default of $600 bail. On May 10, 1923, the grand jury returned a true bill, charging the defendant with assault and battery in the first count and aggravated assault and battery in the second count. After the bill had been found, a motion to quash was filed on the ground that the justice had not entered into a full hearing and investigation of the facts charged, as is provided in section 1 of the Act of May 27, 1919, P. L. 306. The information charged both an assault and battery and an aggravated assault and battery, which are separate and distinct crimes, punishable under the 97th and 98th sections, respectively, of the Act of March 31, 1860, P. L. 382, 407. Upon an indictment charging an aggravated assault and battery, if the injury done to the person assailed does not justify a conviction of that offence under the 98th section of the Act of 1860, the jury may, nevertheless, convict of simple assault and battery, on the principle that a charge of that minor offence is included in a charge of the commission of the greater or aggravated offence. Therefore, we adopt the reasoning of Wickersham, J., in Com. v. Wein, 2 D. & C. 646, and hold that aggravated assault and battery is not within the scope of the Act of May 27, 1919.

The motion to quash must be overruled on another ground. The defendant had a right to waive a preliminary hearing entirely (Com. v. Keck, 148 Pa. 639), and, therefore, also to waive any rights he might have had under the Act of 1919. Besides, no question touching the legality of an arrest or commitment can be raised on a motion to quash a bill of indictment: Com. v. Hans, 68 Pa. Superior Ct. 275, 277; Com. v. Keegan (No. 1), 70 Pa. Superior Ct. 436, 438; Com. v. Stanley, 78 Pa. Superior Ct. 452, 454.

Motion to quash the bill of indictment is overruled.

From M. M. Burke, Shenandoah, Pa.