## HARDEMAN KING CO. v. STATE.

No. A-4719.    Opinion Filed March 7, 1925.
(233 Pac. 792.)

(Syllabus.)

Corporations—On Failure to Serve Summons on Corporation in Statutory Manner, Court Without Power to Proceed with Trial on Information. Under section 2934, Comp. St. 1921, which provides process for service on a corporation against which an information has been filed, it is necessary that the mode of ser-

vice provided be followed in order to give the court jurisdiction, and where service of the summons provided in said section is not made, nor waived by the corporation informed against, the court is without power to proceed with a trial on the information.

Appeal from County Court, Latimer County; L. B. Kyle, Judge.

The Hardeman King Company was convicted of a violation of the Agricultural Seed Act, and appeals. Reversed and remanded.

Arnote, McCain & Emory, for plaintiff in error.

George F. Short, Atty. Gen., and J. Roy Orr, Asst. Atty. Gen., for the state.

EDWARDS, J. The plaintiff in error, Hardeman King Company, a corporation, was adjudged guilty of the crime of selling agricultural seeds without complying with the requirements of law and fined $100. It appears that a traveling salesman of the Hardeman King Company, a corporation of McAlester, Okla., sold in Latimer county some oats in sacks, marked as having a germination test of 88 per cent. The oats were resold and sown, and only a small per cent. germinated. Some of the remainder not sown were sent to a seed analyst, and it developed that they had a germination test of 17½ per cent.

Section 3789, Comp. St. 1921, makes it unlawful for any person, firm, or corporation to sell any agricultural seed which are falsely marked or labeled. The following section provides the penalty, and it was upon this statute that the prosecution is based. The information was jointly against the plaintiff in error, a corporation, and C. T. Hardeman, an individual. C. T. Hardeman appeared before the court, with his attorney, was arraigned, filed demurrer, and entered his plea of not guilty. As shown by the record, he stated to the court that he had no authority to enter appearance for the Hardeman King Company, or to stand for any arraignment, or to enter a plea for said defendant

corporation, and refused to enter a plea for the corporation. Thereupon the court ordered a plea of not guilty entered.

Several assignments of error are presented, among them that the county court of Latimer county had no jurisdiction over the person of the plaintiff in error, and as this will dispose of the case the other assignments will not be considered.

Sections 2934 and 2935, Comp. St. 1921, are as follows:

"2934. Upon an information against a corporation, the magistrate may issue a summons signed by him, with his name of office, requiring the corporation to appear before him at a specified time and place to answer the charge; the time to be not less than ten days after the issuing of the summons.

"2935. The summons must be in substantially the following form:

"County of ―――――――――

"In the Name of the State of Oklahoma.
"To the (naming the corporation):

"You are hereby summoned to appear before me at (naming the place) on (specifying the day and hour), to answer to the charge made against you, upon the information of A. B., or the presentment of the grand jury of the county of ――――― for (designating the offense generally).

"Dated at the city, or town, of ―――――, the ――――― day of ―――――, 192―.
                                        "G―― H―――,
                "Justice of the Peace (as the case may be)."

In 14a, Corpus Juris, p. 880, § 3055, the law is stated as follows:

"Where a statute provides the mode of service on a corporation by which the court acquires jurisdiction, the method of service prescribed must be followed, unless

waived by the corporation and in the absence of a compliance with the statutory requirements a trial cannot legally proceed."

To the same effect, see Thompson on Corporations, Cum. Supp. 1922, § 5651.

The Supreme Court of Georgia in the case of Southern Railway Co. v. State, 125 Ga. 287, 54 S. E. 160, 114 Am. St. Rep. 203, 5 Ann. Cas. 411, said:

"The Penal Code, § 938, provides the process against a corporation which has been indicted. As this intangible person has no physical existence and cannot be taken under warrant, the Legislature has provided a certain mode of service by which the court acquires the power to hear and determine the charge against the corporation under indictment. The sole purpose of the service and notice provided in that section is to bring the artificial person before the bar of the court for trial. Until service is had in the prescribed way, or is waived by the corporation, the trial cannot legally proceed."

In this case there was no attempt to make service of summons on the plaintiff in error in the prescribed way or any other way, and at the time the trial court ordered the plea of not guilty entered it had no jurisdiction whatsoever over the person of the plaintiff in error, and, having no jurisdiction, its order for entering a plea of not guilty was of no force. It is true that the corporation, plaintiff in error, cannot be physically present at the trial, but the statute has prescribed a method by which jurisdiction might be acquired, and it was incumbent upon the state to pursue that method in order to obtain jurisdiction. Failing in that, the proceeding is a nullity.

The case is reversed and remanded.

BESSEY, P. J., and DOYLE, J., concur.