People of Puerto Rico, Plaintiff and Appellee, *v.* West India Oil Co., etc., Defendant and Appellant.

No. 5161.   Argued December 21, 1933.—Decided January 31, 1934.

*J. Carbia Miranda* for appellant.   *R. A. Gómez, Fiscal,* for appellee.

Mr. Justice Córdova Dávila delivered the opinion of the court.

West India Oil Company, a corporation organized in accordance with the laws of New Jersey and authorized to do business in Puerto Rico, was charged by the prosecuting attorney for the District of Ponce with a violation of section 14 of the Weights and Measures Act No. 135, approved in 1913 and amended by Act No. 30 of 1921. It is alleged, among other things, that on or about May 11, 1932 the defendant, owner of a commercial establishment for the sale of gasoline in Ponce, kept an apparatus for measuring liquids that was used to measure the gasoline that was sold, and that said apparatus registered, showed, and indicated false measures, according to the test made of said apparatus by Juan E. Seijo, inspector of weights and measures, with the standard measures furnished for tests by the Chief of the Bureau of Weights and Measures.

The defendant was found guilty by the lower court and sentenced to pay a fine of $25.

The first error attributed to the lower court is that the defendant was found guilty by virtue of a direct proceeding brought against it when such proceeding should have been brought against its employer, officer, or director, and any adverse judgment resulting therefrom should have been rendered against said employer, officer, or director, and not against the corporation as an artificial person. It is argued that in the information the appellant corporation is directly accused of a crime, whereas section 20 of the Weights and Measures Act refers in the first place to natural persons who might violate said act, and in the second place to artificial persons which, according to said section, should be punished in the person of the employer, officer, director, stockholder or agent, which interpretation is confirmed later when said section provides that the person thus convicted shall be punished by fine or imprisonment. The appellant says that if the intention had been to bring to trial juridical persons

as such, the penalty of imprisonment would have been omitted in the act, since it is clear that a juridical person cannot be punished for a crime by imprisonment.

Following is section 14 of the Weights and Measures Act as amended in 1921 (Session Laws p. 178), which, according to the information, was violated by the appellant:

"Section 14.—No person shall use, cause or permit to be used, any weight or measure, scale, beam, balance, steelyard, or other instrument, apparatus or appliance in ascertaining weight or measure in any industrial or commercial transaction, which does not conform to the standard weights and measures prescribed by this Act, nor shall he keep or permit to be kept in his industrial or commercial establishment such weight or measure, scale, beam, balance, steelyard, instrument, apparatus or appliance; and no person shall use, cause or permit to be used in any industrial or commercial transaction, any scale, beam, steelyard, or other instrument, apparatus or appliance for ascertaining weight or measure which registers, shows or indicates a false weight or measure, nor shall he keep or permit to be kept in his commercial or industrial establishment such scale, beam, steelyard, instrument, apparatus or appliance."

Section 20, which according to the appellant excludes corporations, says:

"Section 20.—Any person violating any of the foregoing provisions of this act or of the rules and regulations prescribed in pursuance thereof and any person who as employer or as an officer, director, stockholder or agent of any corporation, or as a member of any firm or partnership or otherwise shall direct, order, permit, or consent to any infraction of the foregoing provisions of this act, or of the said rules and regulations, shall be deemed guilty of a misdemeanor, and upon conviction thereof, by a court of competent jurisdiction, shall be punished for the first offense, by a maximum fine of fifty dollars or by imprisonment not to exceed fifty days and for the second offense by a fine of not less than fifty dollars nor more than two hundred and fifty dollars, or by imprisonment for a term not to exceed ninety days, and for subsequent offenses by a fine of not less than two hundred dollars not more than five hundred dollars and by imprisonment for not more than one year."

Modern jurisprudence establishes the general rule that the word "person", where used in criminal statutes, includes an artificial person as well as a natural person. According to section 559 of the Penal Code, the word "person" includes a corporation as well as a natural person.

In *State* v. *Belle Springs Creamery Co.,* 111 Pac. 474, 477, it was said:

". . . In several of the states cited there is a statutory provision that the word 'person,' where used in the criminal statute, includes corporations. There is no such provision in this state, and we do not find any decision in this state which so holds, although in the case of *State* v. *Williams,* 74 Kan. 180, 85 Pac. 938, it is held that the word 'person' used in section 314 of crimes and punishment (Gen. St. 1909, par. 2814), referring to the person libeled, includes a corporation. The question may well be asked, if the word 'person' used to designate one libeled, includes a corporation, why it should not also include the corporation if the same word were used to designate the one guilty or supposed to be guilty of the libel. The statute in question by its language, 'a person who, by himself, or his servant or agent, or as the servant or agent of another, uses,' etc., seems almost to suggest that the word 'person' here was intended to include a corporation. The statute was enacted to prevent a particular abuse, and it is a matter of common knowledge in the state that large corporations as well as individuals were practicing the abuse of selling butter by print and package containing less weight than is required by the act, and, it may be said, of less weight than the public generally understood such prints or packages to contain. That the individual who, after the passage of the act, should expose for sale or sell a print or package of less than the prescribed weight, should be guilty of a crime, and that a corporation might conduct the practice with impunity, seems revolting to all ideals of justice, and we hold, in accordance with the general trend and development of the law, that the word 'person' being the second word in section 15 as there used, includes a corporation."

In the case of *United States Tire Co.* v. *Keystone Tire Sales Co.,* 66 A. L. R. 1264, the court said:

"It is true the word 'corporation' is not expressly used in the chapter, but it is clear to us that it is included in the word 'party.' There is certainly nothing in the statute to show that it was the

legislative intent to exclude corporations. The general rule of the law is that, when the word 'person' or 'party' is used in a statute, it is broad enough to include corporations, artificial persons, unless the intention to exclude such artificial persons is plainly obvious.''

The first part of section 20 of the Weights and Measures Act, already transcribed, imposes a penalty on any person who may violate section 14 of said act, and also on any person who as employer, officer, director, stockholder or agent of a corporation may incur in the same violation of the statute. There is no doubt that the first part of said section includes all persons, whether natural or artificial, if it be interpreted separately, that is, disregarding the part that expressly mentions the persons who may incur criminal liability. The word ''any'' which precedes the word ''person'' has a broad and general meaning. In our opinion, the fact that certain employees, agents, or officers of the corporation are expressly mentioned does not limit the scope and significance of the word ''person'' in the first part of said section. The law has sought to be perfectly clear, perhaps with the intention of preventing an evasion of liability in a particular case on the part of the officers or agents of a corporation by alleging that the corporation is the only party liable, when in reality the liability should fall on all the natural and artificial persons who have participated in the violation of the act. That this allegation can be made is shown by the case of *State* v. *Burnam*, 128 Pac. 219, where the secretary-treasurer and administrator of a corporation attempted to shield himself by alleging that according to the evidence he was exempt from punishment, since the offense was committed by the corporation. From the opinion delivered in that case we copy the following paragraph:

''The appellant first contends that the offense was that of the corporation and that, under the facts, he is immune from punishment. We cannot assent to this view of the law. The statute provides that every person who shall sell or deliver, or offer for sale, or have in his possession with intent to sell or deliver, milk below the

standard fixed by law, shall be guilty of a misdemeanor. This is a police regulation enacted for the protection of the public health, and the penalty is imposed without regard to any wrongful intention, in order to insure such diligence as will render a violation of the law practically impossible.''

The act is not inapplicable to corporations because of the fact that violations thereof are made punishable by fine or imprisonment. We do not agree with the defendant when it says that if the intention of the act had been to include corporations as such entities, the punishment of imprisonment would have been omitted. The court may impose a fine or imprisonment when dealing with a natural person and confine itself to a fine when dealing with a juridical person. In the case of *State* v. *Ice & Fuel Co.*, 166 N.C. 366, 52 L.R.A. (N.S.) 216, 81 S.E. 737, the following was said:

"Indeed, so many businesses of every kind are now carried on by corporations that it would render nugatory many criminal statutes for the protection of the public if they did not apply to the misconduct of corporations when the statute would apply to the same conduct by an individual. In this present case the business of selling coal and ice is carried on by a corporation, and it violated the statute by the false pretense of selling a ton of coal when it delivered in fact only 1,750 pounds, intending to cheat, as fully as an individual could have done. It is true that, when the statute imposes a penalty of a fine or imprisonment, only the fine can be placed upon a corporation. But this is no reason why that should not be imposed. The corporation should not be wholly exempted from punishment, because it cannot be imprisoned." *State* v. *Belle Springs Creamery Co.*, 83 Kan. 389, L.R.A. 1915D 515, 111 Pac. 474; *Southern R. Co.* v. *State*, 125 Ga. 287, 114 Am. St. Rep. 203, 54 S. E. 160, 5 Ann. Cas. 411; *United States* v. *Union Supply Co.*, 215 U. S. 50, 54 L. ed. 87, 30 Sup. Ct. Rep. 15; *United States* v. *John Kelso Co.*, 86 Fed. 304; *State* v. *Seattle Nat. Bank*, 33 A.L.R. 1206.

The second error assigned is that the lower court dismissed the motion for nonsuit made when the instrument or apparatus alleged to register false measures was not presented in evidence.

In support of this alleged error, the appellant corporation cites section 10 of the Weights and Measures Act which in brief says that from February 1, 1914, any apparatus, scale, instrument etc., used for measuring or for weighing shall be stamped, marked, and checked in accordance with the law, and when such requirements are not fulfilled said apparatus or article shall be seized and kept as evidence, and that any weight, scale, etc., that is found to be false shall be confiscated.

The appellant argues that the act provides that any apparatus or instrument that is used in violation of said act shall be seized and kept as evidence; that in this case the prosecution should have presented in evidence the pump with which it is alleged that the defendant corporation violated the Weights and Measures Act; and that by this omission the People failed to prove the information brought against the appellant corporation.

The fact that the law provides that the article seized be kept as evidence does not mean that the case cannot be proved satisfactorily without the material presentation in evidence of the said apparatus. The act makes punishable the use or possession in a commercial establishment of a false weight or measure, and that has nothing to do with the seizure of the apparatus. As a matter of fact, this apparatus could be seized or not; but the omission of this duty cannot relieve the defendant from liability if it is proved that he kept and used the apparatus in his establishment. It is a case similar to that of carrying a forbidden weapon. He who carries it is liable for carrying the weapon independently of whether or not it was taken from him, and it is not necessary to present material evidence if means for proving that the defendant was carrying the weapon exist and if the fact of carrying is proved.

The third error attributed to the lower court is that it found the appellant corporation guilty without evidence of the holding of a preliminary hearing as required by the Code

of Criminal Procedure, sections 453 to 460, inclusive. These provisions are substantially the same as those set forth in sections 1390 to 1397, inclusive, of the Penal Code of California.

It should be noted that the defendant did not raise this question seasonably in the lower court, before which it appeared to demur to the information through its attorney who also appeared for it at the trial of the cause.

The provisions contained in the sections of the Code of Criminal Procedure cited by the appellant are intended to supply the means whereby a corporation which violates a criminal statute may be placed under the jurisdiction of the proper court. The corporation is an artificial person that cannot be arrested, and for this reason a citation instead of a warrant of arrest is issued against it and is served on the president or other administrator, cashier, or director of said corporation.

In the case of *State* v. *Security Bank,* 51 N.W. 337, the Supreme Court of South Dakota, after stating that such is the whole purpose and object of these provisions, probably taken from the California code, said: "These proceedings are only intended as a means of bringing the defendant corporation before the magistrate after a grand jury has returned a presentment, and are necessary only because the corporation cannot be brought before him on a bench-warrant as natural persons are."

In the case of *Progress Club* v. *State,* 76 S.E. 1031, the case of *Southern Ry. Co.* v. *State,* 125 Ga. 287, 54 S.E. 162, 114 Am. St. Rep. 203, was cited as authority, and the following was said:

". . . Inasmuch as in this case the service was not had in the prescribed way, and was not waived, under the ruling of the Supreme Court, the trial could not legally proceed, and the judgment rendered is necessarily a nullity."

In the case of *Southern Ry. Co.* v. *State, supra,* referred to in the decision last above cited, the court said:

"Pen. Code 1895, par. 938, provides the process against a corporation which has been indicted. As this intangible person has no physical existence and cannot be taken under warrant, the Legislature has provided a certain mode of service by which the court acquires the power to hear and determine the charge against the corporation under indictment. The sole purpose of the service and notice provided in that section is to bring the artificial person before the bar of the court for trial. Until service is had in the prescribed way, or is waived by the corporation, the trial cannot legally proceed. If the corporation voluntarily appears in court by attorney and demurs to the indictment, the corporation is before the court, and further proceeding may be had without reference to the regularity of the service. Its appearance and pleading by demurrer may be analogized to the voluntary action of a natural person who, hearing of an indictment against him, comes into court without waiting for process to be issued against him, and demurs, or otherwise pleads to the indictment. After demurrer or plea, it is of no consequence whether a warrant is issued for his arrest or not; by his voluntary act the court acquires control over his person for all purposes of the particular trial. Likewise, when the defendant corporation demurred to the sufficiency of the indictment, it submitted itself to the jurisdiction of the court in the particular case, and it then became immaterial whether the service was regular or irregular. There was no error in refusing to quash the indictment because of irregularity or insufficiency of the service."

The doctrine established by the Supreme Court of Georgia is applicable to the instant case, wherein the defendant corporation demurred to the indictment and appeared by attorney at the trial. The intent of the act has been fulfilled by the voluntary appearance of the appellant before the trial court, and it is now too late to raise for the first time a question of this character, especially when there is no evidence whatever in the record to show that the provisions of the Code of Criminal Procedure cited by the appellant have not been complied with.

The last error assigned is that the court found the appellant guilty on the basis of evidence that does not support the information.

The defendant argues that the evidence presented in this case "was solely and exclusively for the purpose of showing that the apparatus was in the possession of the defendant appellant and did not show that even a single sale had been made with it, which circumstance, together with the evidence, leads to the inference that it was not in use in the business and was awaiting inspection by the inspector of weights and measures, just as the evidence itself shows."

In accordance with section 14 of the act cited, no person shall use, cause, or permit to be used any false weight or measure, nor shall he keep or permit to be kept in his industrial or commercial establishment such weight or measure.

In the information it is alleged that West India Oil Company is the owner of a commercial establishment for the sale of gasoline on Simón Bolívar Avenue, at the corner of "25 de Enero" and "Fe" Streets in Ponce, and that the said corporation wilfully and illegally kept, ready for use, an apparatus for measuring liquids that was used there for the purpose of measuring the gasoline that was sold.

So the appellant corporation was charged with keeping the said apparatus in its commercial establishment and also with using this apparatus for selling gasoline. Both these acts are prohibited by law: the possession and also the use of the false weight or measure. Either of the two modes that is proved is sufficient to support a conviction. The evidence shows that the defendant kept the apparatus described in the complaint in his commercial establishment. The Inspector of Weights and Measures, Juan Seijo, states precisely the same thing that is set forth in the information: That the West India Oil Company possessed and operated a commercial establishment for the sale of gasoline on Simón Bolívar Avenue; that it has installed there an apparatus for measuring liquids or for measuring the gasoline sold; that

said apparatus is called a gasoline meter; that it was tested by the witness; and that it is the same one that is described in the information. This assignment must be dismissed.

The judgment appealed from should be affirmed.