## Commonwealth v. National Gypsum Company et al.

*Markowitz, Liverant, Boyle, Rauhauser & Kagen,* for Commonwealth.

*Kain, Kain & Kain,* for defendant.

SHEELY, P. J., January 21, 1955.—An information was filed before a justice of the peace charging the National Gypsum Company "by its York Plant Manager, Agent and/or Employee, W. W. Wallace", with maintaining a public and common nuisance "in the

nature of a continuing dust nuisance". According to the transcript of the justice of the peace, "Defendant appeared on July 22nd, 1954 and waived Hearing and posted Bail for August Session of Court for action of the Grand Jury." Bail was entered by William W. Wallace, "defendant", for his personal appearance at the next court of quarter sessions "to answer all such charges as may be preferred against the defendant".

Thereafter, the National Gypsum Company filed a petition in the court of quarter sessions praying that the information be quashed and that William W. Wallace be discharged from his recognizance. According to petitioner's brief, the petition raises four questions: (1) Whether the information properly identifies and charges the corporation with a crime when it alleges that certain acts were committed by "The National Gypsum Company, by its York Plant Manager, Agent and/or Employee, W. W. Wallace"; (2) whether the corporation has properly been served with process and whether it is properly before the court where the warrant was read to an employe who is not an officer, director, or shareholder, and where only such employe in his individual capacity entered a recognizance for his individual appearance before the court; (3) whether the date of the offense has been properly charged in the information where it is charged that the offense occurred "on or about August 31, 1953, and since that date, and to the present time", and (4) whether an indictable offense has been charged in the information.

The petition to quash the information presents the curious problem of a corporation which contends that it is not properly before the court petitioning to have the proceedings quashed. Clearly, it cannot appear and ask for relief for W. W. Wallace who has not appeared in his own behalf, and there is no right to file an appearance de bene esse in the criminal courts:

Commonwealth v. Feuerstein and Stern, 98 Pa. Superior Ct. 201, 205 (1929). In that case it was said:

"Those courts deal with the body of a defendant, and until he has been arrested, or has actually surrendered his body, or has entered bail to appear, he is in no position to assert his rights in such court."

By the same token, a corporation cannot move to quash the proceedings if it is not before the court.

But there is a more serious difficulty. The petition seeks to have the proceedings dismissed before a bill of indictment is submitted to the grand jury, for alleged irregularities before the justice of the peace. In the recent case of Commonwealth v. Weinstein, 177 Pa. Superior Ct. 1, 109 A. 2d 235, the court considered the question whether a defendant can attack the legality of the magistrate's hearing on the ground that the Commonwealth had failed to establish a prima facie case, after defendant had given bail to wait the action of the grand jury and was not in custody, and answered the question in the negative. After reviewing many cases, the court said:

". . . the illegality of the proceedings before a magistrate may not be questioned on a petition to discharge the defendant from his recognizance", although, if defendant is in custody, he is entitled to a writ of habeas corpus. The reasoning of the court in that case is sufficiently broad to cover the questions here raised by the corporation, and requires the dismissal of its petition. See also: Commonwealth v. Kline, 1 D. & C. 2d 17 (1954).

Although what we have said disposes of defendant's petition, we have considered the reasons assigned by it to quash the information and can find no merit in them. A corporation, obviously, cannot be taken into custody, and the proper method of bringing it before the court to answer criminal charges is by a summons or venire facias ad respondendum: Commonwealth v.

Lehigh Valley R. R., 165 Pa. 162 (1895); Commonwealth v. North & West Branch Ry., 5 Kulp 293. There is authority for the proposition that where defendant is a corporation the finding of an indictment is the appropriate first step in the prosecution, a previous complaint or binding over being unnecessary: 13 Am. Jur. 1060; 133 Am. St. Rep. 779; Commonwealth v. Franklin Athletic Club, 41 Berks 111 (1948); United States v. Correspondence Institute of America, 125 Fed. 94 (1903). There must, of course, be a basis for the indictment and there would seem to be nothing wrong in commencing the action by an information before a justice of the peace.

While a summons, or venire facias ad respondendum, is the appropriate writ to bring a corporation before the court in a criminal matter, a warrant would give full information and would be sufficient where the corporation actually appears as it has in this case: Southern R. Co. v. State, 125 Ga. 287; 54 So. 160, 114 Am. St. Rep. 203. The criminal proceeding against a corporation, so far as notice, appearance, hearing, and judgment are concerned, is conducted just as though it were a civil case: Acme Poultry Corp. v. United States, 146 Fed. 2d 738 (1944). Service upon the agent in charge of defendant's plant would be valid under Pa. R. C. P. 2180.

A corporation can act only by its agents or employes: Commonwealth v. Liberty Products Company, 84 Pa. Superior Ct. 473, 479 (1925), and an allegation that the corporation, by its agent or employe, did certain acts is an allegation charging the corporation with responsibility therefor.

The offense charged is a continuing offense.

"When the offense consists of a succession or continuation of acts not limited to any particular day, it is proper to allege it as having been committed on a certain day named, and on divers days and times be-

tween such day and the day of the finding of the indictment, or any other specific subsequent date thereto": Commonwealth v. Lawrence and Verrona, 47 Dauph. 376, 389 (1939).

There could be some question whether an allegation of maintenance of a nuisance in the words of the statute with an additional statement that it was "in the nature of a continuing dust nuisance" sufficiently informs defendant of what it must meet; see Commonwealth v. White, 24 Pa. Superior Ct. 178, 180 (1904); Commonwealth v. Price, 80 Pa. Superior Ct. 291, 294 (1923). This deficiency, however, if it is a deficiency, may be supplied in the indictment: Commonwealth v. Dingman, 26 Pa. Superior Ct. 615 (1904); Commonwealth v. Stanley, 78 Pa. Superior Ct. 452 (1922); Commonwealth v. Musser, 33 Lanc. 149 (1916).

And now, January 21, 1955, the petition to quash the information and to discharge William W. Wallace from his recognizance is dismissed.