MARTIN <i>v.</i> THE STATE.

Where under an indictment charging two named persons, "together with others," with the offense of riot, one of the persons named was convicted and the other acquitted, the conviction will be upheld when the evidence shows that any other person capable of committing the crime participated with the person convicted in the criminal acts charged in the indictment. Failure to allege in the indictment that the other persons were unknown would be cause for quashing the same on special demurrer, but would not constitute any reason either for arresting the judgment or for granting a new trial.

Argued April 21, — Decided April 29, 1902.

Indictment for riot.    Before Judge Seabrook.    Liberty superior court.    February 15, 1902.

*Donald Fraser* and *B. A. Way,* for plaintiff in error.
*Livingston Kenan, solicitor-general,* contra.

COBB, J.    Sandy Martin was convicted of the offense of riot. The indictment contained two counts.    The first charged that "Sandy Martin and Stephen Martin, together with others," committed an unlawful act of violence which constituted riot; and the second count charged that "Sandy Martin and Stephen Martin and others" were guilty of certain acts, done in a violent and tumul-

tuous manner, constituting riot. Upon the trial the jury returned a verdict of guilty as to Sandy Martin, and not guilty as to Stephen Martin. A motion for a new trial filed by Sandy Martin having been overruled, he excepted and brought the case to this court by writ of error. The controlling question in the present case is, whether the conviction of the plaintiff in error was warranted by the evidence, when the other person named in the indictment was acquitted and the evidence showed that the acts alleged in the indictment were committed by the plaintiff in error jointly with other persons not therein named. One person may be indicted for a riot or conspiracy, but the general rule is that the names of the other persons who participated with him in the unlawful acts must be set forth in the indictment. It was, however, under the common law, permissible to set forth the name of one person and charge that he committed the offense with other persons unknown; and if the proof showed that the accused participated with one or more persons in an act of conspiracy, or with two or more persons in an act of riot, he could be convicted. If, however, several persons were indicted for a riot and the proof showed the guilt of only one or two, all must have been acquitted. " On an indictment for a riot against three or more, if a verdict acquit all but two, and find them guilty; or on an indictment for a conspiracy, if the verdict acquit all but one, and find him guilty, it is repugnant and void as to the two found guilty in the first case, and as to the one found guilty in the second, unless the indictment charge them with having made such riot or conspiracy *simul cum aliis juratoribus ignotis;* for otherwise it appears that the defendants are found guilty of an offense whereof it is impossible that they should be guilty; for there can be no riot where there are no more persons than two, nor can there be a conspiracy where there is no partner. Yet it seems agreed, that if twenty persons are indicted for a riot or conspiracy, and any three found guilty of the riot, or any two of the conspiracy, the verdict is good." 2 Hawk. P. C. 621–2. See also 2 Bish. New Cr. Pr. § 998 (3); 2 Clark & Mar. Cr. 1008; State *v.* Brazil, Rice's Rep. 257; Com. *v.* Berry, 5 Gray, 93; 2 Whart. Cr. Law (9th ed.), § 1545; Whart. Cr. Pl. & Pr. (9th ed.) § 306; R. *v.* Scott, 3 Burr. 1262, s. c. 1 W. Bl. 291; Turpin *v.* State, 4 Blackf. 72; R. *v.* Heaps, 2 Salk. 593; Hardebeck *v.* State, 10 Ind. 459. There is no statute in Georgia changing the rules of the common

law with respect to the matter above referred to, except that in this State the joint act of only two persons constitutes a riot (Penal Code, § 354); and persons guilty of this offense may be separately tried (Penal Code, § 969), in which latter case the acquittal of the one first tried will not operate to acquit the other. *Rachels* v. *State*, 51 *Ga.* 375. Where it is necessary in an indictment to name persons other than those indicted, an allegation such as "divers others" or "several others," without stating that they are unknown, will be bad on special demurrer. People *v.* Fish, 1 Sheld. 537; State *v.* Irvin, 5 Blackf. 343. And in State *v.* O'Donald, 1 Mc-Cord, 328, where a true bill was returned against two persons and "divers other persons, to wit, to the number of five," without alleging that they were unknown, the court went so far as to hold that a motion in arrest of judgment would be sustained. In the present case the indictment was good on its face, the offense being charged against two named persons: That it was subject to special demurrer for not naming the other persons referred to in the indictment as having participated in the riot, or not stating that their names were unknown, does not admit of question. For as it is not charged that their names were unknown, non constat but that they were known; and it has been often held that proof that the names were known when the indictment alleges that they were not would be reason for acquitting the accused. See the authorities cited supra, and *Nelms* v. *State*, 84 *Ga.* 466, 468.

We do not, however, in the present case find it necessary to make any ruling on this point. Inasmuch as the plaintiff in error elected to go to trial on the indictment, the question is, can he be convicted when the evidence shows that he, together with other persons not named in the indictment, committed the acts charged therein ? In Rex *v.* Sudbury, 12 Mod. 262, "case" 473, s. c. 1 Ld. Raym. 484, it appeared that several persons were indicted for riot, and all but two were acquitted: The judgment was arrested; but Lord Chief Justice Holt remarked that if the indictment had been that the defendants, "with divers other disturbers of the peace," had committed the riot, the King might have had judgment. In 1 Strange, 195, the case of Regina *v.* Herne, which seems to be an unreported case, is referred to. In that case the indictment charged that Herne, with A " et multis aliis," conspired to accuse B of a crime. The jury found a bill as to Herne, with an ignoramus

as to A.   Herne moved in arrest of judgment.   The court over-
ruled the motion, on the ground that Herne could be convicted
under the "cum multis aliis," though no bill was found against A.
Another unreported case is referred to in the same volume and on
the same page, where several were indicted for a riot, "cum multis
aliis," and two were found guilty.   It was objected that there must
be three to make a riot; but "upon the cum multis aliis judgment
was given against the defendants."   See also, in this connection,
the notes in 1 Russell on Crimes, 512, 513.   As it is the universal
practice and as proper pleading requires that where it is necessary
to refer to persons in an indictment, their names should, if known,
be set out, the inference is that where the names are not set out,
they are unknown, although this fact may not be affirmatively stated
in the indictment.   And it would seem that, in the absence of a
special demurrer, the presumption would be after verdict that the
names were not known, where the allegation is that the accused
"and others" or "together with others" committed the offense.
At any rate, the plaintiff in error elected to go to trial on the indict-
ment as it stood, and he thereby waived the defect, which was one
of form merely and not of substance.   Had the word "unknown"
been added to the allegation in reference to the other persons who
committed the offense, the effect would have been exactly the same;
for this would have allowed the State to prove participation by the
accused with any other person capable of committing the crime.
The addition of the word would not have restricted the investigation
in the slightest degree.   And while the plaintiff in error would have
been entitled to an indictment perfect in every respect, had he called
for it at the proper time and in the proper way, the omission of
the word in question has worked no such injury to him as to entitle
him either to a new trial or an acquittal.   It follows from what has
been said that even if a formal motion in arrest of judgment had been
made, it would not have been well taken; although the motion for a
new trial can not, as was suggested in the argument, be treated as a
motion in arrest of judgment.   *Boswell* v. *State,* 114 *Ga.* 40, 42.
The motion for a new trial is without merit.   The evidence ob-
jected to was properly admitted.   The charges complained of were
not erroneous.   Failure to charge on the subject of impeachment of
witnesses will not, in the absence of a written request so to do, require
a new trial.   The verdict was amply supported by the evidence.

   *Judgment affirmed.   All concurring, except Lewis, J., absent.*