43199. LACKEY v. THE STATE.

BELL, Presiding Judge. Defendant was convicted of bribery under Section 14 of an Act of 1964 (Ga. L. 1964, pp. 261, 267; *Code Ann.* § 26-5014a).

1. Section 4 of the Determinate Sentence Act (Ga. L. 1964, pp. 483, 484; *Code Ann.* § 27-2502) provides: "The jury in their verdict . . . shall prescribe a determinate sentence for a specific number of years, which shall be within the minimum and maximum prescribed by law as the punishment for said crime. . ." This section is in pari materia with other statutory provisions which fix the punishment for of-

fenses for which this section provides determinate sentences, and they must be construed together. See *Tribble v. State,* 168 Ga. 699, 701 (4) (148 SE 593); *Winston v. State,* 186 Ga. 573, 577 (6) (198 SE 667, 118 ALR 719). The manifest purpose of *Code Ann.* § 27-2502 is merely to enforce those other provisions which fix the punishment for an offense, not to place limitations on the punishment otherwise prescribed by statute. *Code Ann.* § 26-5014a declares that a violator of that section "shall be punished by imprisonment in the penitentiary for not less than one year nor more than five years." It seems clear that *Code Ann.* § 26-5014a permits punishment by imprisonment for any length of time from 1 year to 5 years, including a fractional part of a year and measured by months, weeks or days as well as years, within the minimum and maximum limits. Thus, "a specific number of years," according to the meaning of the legislature in *Code Ann.* § 27-2502, may be measured in months and include a fractional part of a year. See Allen v. People, 77 Ill. 484, 488; State v. Turner, (Mo.), 123 SW2d 105. The verdict was not void or irregular for the reason that it assessed punishment by 18 months' imprisonment in the penitentiary.

2. During his argument to the jury the solicitor stated that he "put up two detectives of the City of Atlanta who were duly sworn to testify and . . . defendant took the stand and made an unsworn statement and . . . [the solicitor] was not able to cross examine" defendant. This argument violated the prohibition of the Act of 1962 (Ga. L. 1962, p. 133; *Code Ann.* § 38-415) which provides in part: "The failure of a defendant to testify shall create no presumption against him, and no comment shall be made because of such failure." *Carter v. State,* 107 Ga. App. 571, 572 (2) (130 SE2d 806). This is so because the argument draws a comparison between the unsworn statement and sworn testimony. See *Gunnin v. State,* 112 Ga. App. 720 (3) (146 SE2d 131). The cases of *Ash v. State,* 109 Ga. App. 177 (3) (135 SE2d 507) and *Huff v. State,* 113 Ga. App. 257, 264 (147 SE2d 840) are distinguishable for the reason, stated in *Huff,* that in those cases the statements objected to were no more than statements of the law as it applies when the defendant has elected to make an unsworn statement. Compare *McCann v. State,* 108 Ga. App. 316 (132 SE2d 813); *Lynch v. State,* 108 Ga. App. 650

(134 SE2d 526). The trial court erred in overruling defendant's motion for mistrial based on this prohibited comment. *Judgment reversed. Pannell and Whitman, JJ., concur.*

SUBMITTED NOVEMBER 8, 1967—DECIDED DECEMBER 5, 1967.

*Gower, Llorens, Noland & McGuigan, William L. Gower, John McGuigan,* for appellant.

*Lewis R. Slaton, Solicitor General, J. Walter LeCraw, Jess Watson, Amber W. Anderson,* for appellee.