## 47090.  WILSON v. THE STATE.

CLARK, Judge. After appellant was convicted and sentenced for two offenses, possession of heroin and sale of heroin, he filed a motion for new trial which was subsequently amended. This appeal was taken from the overruling of this motion. The enumerations of error argued in the brief are three in number: 1. Did the trial court err in refusing to require the actual production of search warrant upon request of defense counsel? 2. Did the court err in permitting the State on rebuttal to the defendant's claim of indigence to show his ownership of a considerable amount of worldly goods including expensive cloth-

ing, several cameras and a Cadillac automobile and in denying defendant's motion for mistrial by reason of such evidence being admitted? 3. Did the court err in charging the jury as to punishment for possession that it could be "for not less than two nor more than five years, you fixing two, three, four, five. As for the selling, the penalty for that is for not less than five nor more than ten. So you fix his punishment for that sale five, six, seven, eight, ten years" so as to eliminate consideration of fractional periods of a year? *Held:*

1. When the State had concluded presentation of its evidence, which showed that a search warrant had been obtained by law enforcement officers after observing defendant in his home for some time and noticing known users of narcotics entering the defendant's home plus purchase of heroin at defendant's home by an informer with marked money which was followed by a raid during which the marked money was found on the person of the defendant along with heroin inside his home, the State sought to introduce the seized heroin into evidence. Defendant objected at that point on the ground "that there has no search warrant been offered in evidence to justify the search." This was overruled and the evidence admitted.

Although it was argued below that an oral statement made earlier in the trial by a police officer that a search warrant was obtained was sufficient without producing the search warrant, defendant contends that the document itself should have been produced as constituting the highest and best evidence.

The real question for determination of this court is the timeliness of this objection since its sole purpose was to serve as the basis for a motion to suppress the evidence. As was pointed out in *Brannen v. State,* 117 Ga. App. 69 (159 SE2d 476) there was no procedural device in Georgia law prior to an Act of 1966, pp. 567, 571, codified as § 27-313, comparable to the motion to suppress provided by Rule 41 (e) of the Federal Rules of Criminal Procedure. The opinion then goes on to say:

"Since the Act of 1966, an oral objection to evidence obtained by unlawful search and seizure is not sufficient unless preceded by suppression of the evidence pursuant to a motion to suppress in compliance with the Act. The Act clearly evinces the legislative intent that suppression, or exclusion, of the evidence must be founded upon motion, or objection, in writing: 'The motion shall be in writing . . .' *Code Ann.* § 27-313 (b). Failure to interpose a timely motion to suppress in compliance with the Act amounts to a waiver of the constitutional guaranty in respect to the search and seizure in question. *Gilmore v. State,* 117 Ga. App. 67 (2)." This ruling as to waiver was followed in *Lane v. State,* 118 Ga. App. 688 (165 SE2d 474), and again in the recent case of *Bissel v. State,* 129 Ga. App. 61. Appellant's counsel cites *Thomas v. State,* 118 Ga. App. 359 (163 SE2d 850), where this court specifically ruled against a contention that the motion to suppress must always be made prior to trial. Judge Hall therein points to the similarity to Rule 41 (e) of the Federal Rules of Criminal Procedure and at page 361 says "Its purpose is to avoid the interruption of the trial for the purpose of investigating the collateral issue of the legality of the means by which the evidence was obtained. 50 ALR2d 583," and then cited the ruling by the Supreme Court in Jones v. United States, 362 U. S. 257, 264 (80 SC 725, 4 LE2d 697, 78 ALR2d 233) that the matter is one for the discretion of the court.

This holding as to timeliness is not contrary to the other cases which rule that failure to comply with the statutory requisites constitutes a waiver. Therefore whether we regard the facts here as being a waiver under the rulings of the *Lane, Gilmore* and *Bissel* cases or a matter for the court's discretion, the trial judge did not err in declining to require the State to submit the original search warrant which served as the basis for the raid when this point was delayed until the State had completed its case.

2. After the defendant made a detailed, lengthy unsworn

statement in which he related his age to be 28, his removal from Augusta in his early twenties followed by his army service with a 100% disability service discharge, he then went on to say "I was unable to hold any job that would fit my needs and would enable me to support my family properly and there, save for a year or so, I knocked around trying to work from job to job with no success" followed by domestic problems so that he then left New York City and "came back home to Augusta." The remainder of his statement dealt with his personal drug addiction and because of his recognition of the problem of a fellow addict he had not sold but in response to the plea had made him a "loan" of the drugs. In rebuttal to this statement the testimony of the police officer was elicited as to his observation of defendant's extensive and expensive wardrobe including alligator skin shoes, leather jackets, dozens of pairs of shoes, and also a 1970 convertible Cadillac in the trunk of which were found three polaroid type cameras, a rifle and a television set.

Since this evidence was in rebuttal to the contention of indigency made by defendant in his statement it was admissible and the motion for mistrial was properly denied.

The case of *Spencer v. State*, 95 Ga. App. 454 (98 SE2d 94), cited by the appellant, is not applicable in that the evidence here introduced was relevant for rebuttal and questioning defendant's credibility but did not place his character in issue.

3. An attack is made on the charge which explained the penalty. Appellant contends that the language dealt with years and, therefore, "precluded the jury from imposing punishment including a fractional part of a year and measured by months, weeks or days, as well as years, within the minimum and maximum limits and by restricting the jury to multiples of one year." In support of such contention the case of *Lackey v. State*, 116 Ga. App. 789 (159 SE2d 188) is cited. There the contention was made that a verdict assessing punishment at 18 months imprisonment violated the provisions of *Code Ann.*

§ 27-2502, which requires the jury to "prescribe a determinate sentence for a specific number of years." We now find in the case before us an argument which we regard as the obverse side of the proposition and without merit.

We are of the opinion the language used in the instant charge is merely illustrative, with the jury recognizing as was done in the *Lackey* case, that the sentence may be for any length of time between the minimum. and maximum limits including a fractional part of a year.

4. The other enumerations of error are not argued in the briefs and, therefore, are deemed to have been abandoned. *Schmid v. State,* 226 Ga. 70 (172 SE2d 616); *Green v. State,* 223 Ga. 611 (5) (157 SE2d 257); *Manning v. State,* 123 Ga. App. 844 (182 SE2d 690); *Ford Motor Co. v. Gunn,* 123 Ga. App. 550 (181 SE2d 694).

*Judgment affirmed. Eberhardt, P. J., and Deen, J., concur.*
SUBMITTED APRIL 6, 1972—DECIDED APRIL 24, 1972.

*Max Rubenstein, Franklin H. Pierce,* for appellant.