## 34555. HAMBY v. THE STATE.

MARSHALL, Justice.

The defendant appeals from his conviction of murder and his life sentence.

1. The appellant attacked, after the return of the indictment, the composition of the grand jury which indicted him.

"A challenge to the array of grand jurors is waived unless timely filed. As stated in *Sanders v. State,* 235 Ga. 425 [(219 SE2d 768) (1975) (cert. den., 425 U. S. 976 (96 SC 2177, 48 LE2d 800) (1976))]: 'In order for such a motion to be entertained by the trial court, it must be made prior to the return of the indictment or the defendant must show that he had no knowledge, either actual or constructive, of such alleged illegal composition of the grand jury prior to the time the indictment was returned; otherwise, the objection is deemed to be waived. *Estes v. State,* 232 Ga. 703, 708 (208 SE2d 806) (1974). Accord, *McHan v. State,* 232 Ga. 470, 471 (2) (207 SE2d 457) (1974); *Simmons v. State,* 226 Ga. 110, 111 (1a) (172 SE2d 680) (1970); *Williams v. State,* 210 Ga. 665, 667 (82 SE2d 217) (1954).' " *Tennon v. State,* 235 Ga. 594 (1) (220 SE2d 914) (1975).[1]

The appellant complains that the grand jury had not

---

[1] The holding to this effect in *Anderson v. State,* 223 Ga. 174 (1) (154 SE2d 246) (1967) was apparently not affected by the reversal of that case (Anderson v. Georgia, 390 U. S. 206 (88 SC 902, 19 LE2d 1039) (1967)), as contended by the appellant, in view of the Supreme

been reconvened by any order of the court and that a justice of the peace unlawfully served thereon. The record shows, however, that the court rules specify the dates that the grand jury is to reconvene; that an annually published calendar stated that the grand jury for the November term would reconvene on January 23, 1978; that the November term grand jury was not discharged prior to this date; that there is a master list in the clerk's office of all the individuals for the jury box; that the appellant's counsel knew who the grand jurors were for the November term after reading the special presentment, a copy of which was available prior to the time he received a copy of the indictment; that counsel was told on January 5, 1978, that the appellant was bound over to the January term, January 23, 1978, and he knew that the grand jury was reconvening on that date, yet he did not attend or ask the clerk, the judge or the district attorney for the names of the jurors on the grand jury. The above shows that counsel had adequate opportunity to learn the composition of the grand jury and file an objection thereto prior to the indictment. The challenge to the array is therefore waived. Nor can this objection be raised by a plea in abatement under these circumstances. *Scott v. State,* 121 Ga. App. 458 (1) (174 SE2d 243) (1970).

2. The appellant contends that the trial court erred in denying his notice to produce prior, written, allegedly inconsistent statements of certain unknown witnesses which had been read to the appellant in a recorded interview.

The statements of witnesses in the prosecutor's files (nothing more appearing) may not be reached by Code Ann. § 38-801 (g) (Ga. L. 1966, p. 502; 1968, pp. 434, 435; 1968, p. 1200), and to prevail on the basis of Brady v. Maryland, 373 U. S. 83, 87 (1963), the appellant must indicate the materiality and the favorable nature of the evidence sought. *Stevens v. State,* 242 Ga. 34 (1) (247 SE2d 838) (1978) and cits.

Although the appellant claims that the statements, or some of them, were inconsistent with some of the

Court's denial of certiorari in *Sanders v. State,* 235 Ga. 425, supra.

testimony at the trial (cf. *Rini v. State,* 235 Ga. 60 (218 SE2d 811) (1975), cited in *Stevens v. State,* 242 Ga. 34, supra, p. 36), prejudice is not shown here, where the appellant was furnished a list of witnesses prior to the trial and had an opportunity to cross examine these witnesses, and where the trial court determined from an in camera inspection that there was nothing in the prosecution's files that would be favorable to the appellant that he had not seen. See *Burger v. State,* 242 Ga. 28 (7) (247 SE2d 834) (1978).

3. The indigent appellant contends that the denial of his motion for funds to employ experts essential to his defense was error.

"The granting or denial of a motion for appointment of expert witnesses lies within the sound discretion of the trial court. Unless there has been an abuse of discretion, the trial court's ruling will be upheld. [Cit.]" *Patterson v. State,* 239 Ga. 409, 412 (3) (238 SE2d 2) (1977). Where, as here, the appellant's conviction did not rest entirely on the state's expert testimony and the expert witnesses were not shown to be biased or incompetent, there is no abuse of discretion in refusing to provide the appellant with independent experts. *Patterson v. State,* supra (3).

4. Finally, the appellant contends that the trial judge erred in failing to order the prosecution's files, examined by the judge in camera, to be made a part of the record for appellate review, as the appellant requested at the beginning of the trial.

The trial judge specifically reserved a ruling on this request and stated that counsel might renew the motion at the conclusion of the trial, which he did not do. Counsel's failure to call the court's attention to the matter or obtain a definite and final ruling on the admissibility of the evidence, was a waiver of his motion. See *Connor v. Rainwater,* 200 Ga. 866 (2) (38 SE2d 805) (1946) and cits.; *State Hwy. Bd. v. Warthen,* 54 Ga. App. 759, 763 (5) (189 SE 76) (1936); *Griffin v. State,* 133 Ga. App. 508 (2) (211 SE2d 382) (1974).

The judgment convicting the defendant of murder is affirmed.

*Judgment affirmed. All the Justices concur, except Nichols, C. J., and Hill, J., who dissent.*

SUBMITTED FEBRUARY 9, 1979 — DECIDED MARCH 7, 1979 —
REHEARING DENIED MARCH 27, 1979.

*Vanderhoff & Jordan, Lynwood D. Jordan, Jr.,* for appellant.

*Frank C. Mills, III, District Attorney, Arthur K. Bolton, Attorney General, Don A. Langham, First Assistant Attorney General, John C. Walden, Senior Assistant Attorney General, Mary Beth Westmoreland,* for appellee.