37387. THE STATE v. SHEPHERD CONSTRUCTION COMPANY, INC. et al.
37421, 37422. SHEPHERD CONSTRUCTION COMPANY, INC. et al. v. THE STATE (two cases).
37473. ASHLAND-WARREN, INC. v. THE STATE et al.

JORDAN, Chief Justice.

The State of Georgia indicted the Shepherd Construction Company, Inc., Dan P. Shepherd and J. Harold Shepherd (hereinafter "The Shepherds") on seven counts of "conspiracy in restraint of free and open competition in transactions with the State" (Code Ann. § 26-2308 (a)). The indictment charged the Shepherds with conspiring with certain others either to prohibit said others from submitting various road project bids lower than the Shepherds' bids or to prohibit the Shepherd Construction Company, Inc. from submitting various road project bids lower than the others' bids. The Shepherds filed a series of pretrial motions. After holding a hearing, the trial court granted two of the Shepherd's motions and denied the remainder. The state appeals the two motions which the trial court granted and the Shepherds appeal the remaining motions which the trial court denied.

The state indicted Ashland-Warren, Inc. (hereinafter Ashland) and two of its officers on four counts of violating Code Ann. § 26-2308 (a). Ashland moved to dismiss the indictment as to itself on the

ground that a corporation could not be charged under § 26-2308 (a) because the statute provides only punishment by imprisonment. The trial court denied said motion and Ashland appealed to the Court of Appeals. On the motion of Ashland, this Court ordered the appeal transferred to this Court as a companion to the Shepherd appeal because one of the motions denied by the Shepherd trial court had raised the same issue as the Ashland motion.

I. (a) The State argues that the trial court erred in holding that Code Ann. § 26-2308 (a) was unconstitutional because overbroad and facially vague. We agree.

Code Ann. § 26-2308 (a) provides that "a person who enters into a contract, combination, or conspiracy in restraint of trade or in restraint of free and open competition in any transaction with the state or any agency thereof, whether said transaction be for goods, materials, or services, shall, upon conviction, be punished by imprisonment for not less than one nor more than five years. . . ."

As defined by the common law, the phrase "restraint of trade" means restraint of competition, *Griffin v. Vandegriff,* 205 Ga. 288, 293 (53 SE2d 345) (1949); *State of Ga. v. Central of Ga. R. Co.,* 109 Ga. 716 (35 SE 37) (1889); Standard Oil Co. v. United States, 221 U. S. 1, 39, 55, 57, 59-61 (31 SC 502, 55 LE 619) (1910), and, the prohibition against "a conspiracy in restraint of trade or in restraint of free and open competition" means simply a prohibition against a conspiracy in unreasonable restraint of competition. *State of Ga. v. Central of Ga. R. Co.,* 109 Ga., supra, at 725; National Society of Professional Engineers v. United States, 435 U. S. 679, 687-90 (98 SC 1355, 55 LE2d 637) (1978); Northern P. R. Co. v. United States, 356 U. S. 1, 4, 5 (78 SC 514, 2 LE2d 545) (1957); Appalachian Coals, Inc. v. United States, 288 U. S. 344, 359-60 (53 SC 471, 77 LE 825) (1932).

A statute is overbroad only if said statute "does not aim specifically at evils within the allowable area of state control but, on the contrary, sweeps within its ambit other activities that in ordinary circumstances constitute an exercise of freedom of speech or of the press." Thornhill v. Alabama, 310 U. S. 88, 97 (60 SC 736, 84 LE 1093) (1939).

The first amendment does not protect speech which is "used in such circumstances and [is] of such a nature as to create a clear and present danger that it will bring about the substantive evils that [the state] has a right to prevent." Schenck v. United States, 249 U. S. 49, 52 (39 SC 247, 63 LE 470) (1919).

In the present case, Code Ann. § 26-2308 (a) bans only that speech by which individuals conspire to create an unreasonable restraint against competition—that is, only that speech which constitutes a clear and present danger of a substantive evil which the

state may avoid.

Code Ann. § 26-2308 (a) is not unconstitutional because overbroad.

A criminal statute is unconstitutionally vague if (1) the statute failed to give full notice to *the defendant* that his conduct was forbidden, see Smith v. Goguen, 415 U. S. 566, 577-78 (94 SC 1242, 39 LE2d 605) (1973); (2) the statute failed to give fair notice to *anyone* (including the defendant) that his conduct was forbidden, see, Smith v. Goguen, supra, at 572, 578; or (3) the statute (although it does give fair notice to the defendant) failed to give fair notice to *someone else* that his conduct was forbidden. See Young v. American Mini Theaters, 427 U. S. 50, 58-61 (96 SC 2440, 49 LE2d 310) (1976).

A defendant has standing to challenge a statute for failure to give fair notice to someone else only if (1) the conduct for which the someone else could be prosecuted under the challenged statute is expression protected by the First Amendment and (2) the statute's deterrent effect against the other person's performing his protected expressive conduct is both real and substantial. Young v. American Mini Theaters, 427 U. S., supra, at 59-60. Contra Parker v. Levy, 417 U. S. 733, 756-7 (94 SC 2547, 41 LE2d 439) (1974).

We find that the deterrent effect of Code Ann. § 26-2308 (a) against someone else's performing his protected expressive conduct is neither real nor substantial. See Bates v. State Bar of Arizona, 433 U. S. 350, 379-81 (97 SC 2691, 53 LE2d 810) (1977).

Accordingly, we hold that the Shepherds are without standing to challenge Code Ann. § 26-2308 (a) for failure to give fair notice to third parties.

The common law definition of the prohibition contained in Code Ann. § 26-2308 (a) (unreasonable restraint of competition) gave *the Shepherds* more than fair notice that their conduct was prohibited by said statute. United States v. United States Gypsum Co., 438 U. S. 422, 438-40 (98 SC 2864, 57 LE2d 854) (1978); United States v. Brighton Building &c. Co., 598 F2d 1101, 1105 (1979).

Accordingly, we hold that Code Ann. § 26-2308 (a) is not unconstitutionally vague as applied to the Shepherds (and, a fortiori, we also hold that said Code Section is not unconstitutionally vague as applied to everybody).

(b) The State argues that the trial court erred in granting the Shepherds' special demurrer to Counts 2 through 7 of the indictment. Said counts charged the Shepherds with conspiring with named individuals "and others" or "and another" to restrain free and open competition in transactions with the state.

An accused is entitled to an indictment perfect in form as well as substance if he raises the question on special demurrer. See, *State v.*

*Eubanks,* 239 Ga. 483 (238 SE2d 38) (1977). The "perfect" indictment must either name the alleged "other" conspirators or label them as unknown or unindicted. See *Martin v. State,* 115 Ga. 255, 256-7 (41 SE 576) (1902) (dictum); United States v. Briggs, 514 F2d 794 (1975). See generally *Thompson v. Macon-Bibb County Hospital Authority,* 246 Ga. 777 (273 SE2d 19) (1980).

In the present case, however, the names of the "other" conspirators had been given to the Shepherds by the State in the state's written response to the Shepherds' Brady motion.

For this reason, we hold that the trial court erred in granting the Shepherds' special demurrer to Counts 2 through 7 of the indictment. See, United States v. Briggs, 514 F2d, supra, at 800, 805.

II. (a) The Shepherds enumerate as error the trial court's denial of their motion to dismiss Count I of the indictment as barred by the four-year period of limitations in Code Ann. § 26-502 (c). The trial court noted the State's allegation in Count I that the offense was unknown until October 20, 1980, and, held that, under Code Ann. § 27-601 (4), said allegation stated a legally sufficient ground for tolling the otherwise expired four-year period of limitation in Code Ann. § 26-502 (c).

The Shepherds note, however, that, under Code Ann. § 26-503 (b), the state's allegation does not state a legally sufficient ground for tolling the otherwise expired four-year period of limitations, and, argue that Code Ann. § 26-503 (b) impliedly repealed that part of Code Ann. § 27-601 (4) which provides that the period of limitation shall not run so long as the offense is unknown.

Code Ann. §§ 26-502, 503, and 504, effective July 1, 1969, track the provisions of Code Ann. § 27-601 (Cobb, 838, 842). Code Ann. § 26-503, however, in tracking that part of Code Ann. § 27-601 which provides that "[No] limitation shall run so long as the offender or offense is unknown," states only that no limitation shall run so long as "the person committing the crime or crimes is unknown. . . ."

Accordingly, we hold that Code Ann. § 26-503 impliedly repealed that part of Code Ann. § 27-601 which provides that no limitation shall run so long as the offense is unknown, and that the trial court erred in denying the Shepherds' motion to dismiss Count I of the indictment. See *Ezzard v. State,* 229 Ga. 465, 467-68 (192 SE2d 374) (1972).

(b) The Shepherd Construction Co., Inc. and Ashland-Warren, Inc. argue that their respective trial courts erred in holding that a corporation could be indicted under Code Ann. § 26-2308 (a).

Code Ann. § 26-2308 (a) provides that a person who enters into a conspiracy in restraint of free and open competition in any transactions with the state "shall, upon conviction, be punished by

imprisonment for not less than one nor more than five years."

Section 26-401 (1) of the 1968 Criminal Code (of which § 26-2308 (a) is a part) defines the word "person" to include a "corporation," and § 26-803 (a) of that Code provides: "A corporation may be prosecuted for the act or omission constituting a crime if, but only if: . . . The commission of the crime is authorized, requested, commanded performed, or recklessly tolerated by the board of directors or by a managerial official who is acting within the scope of his employment in behalf of the corporation." Thus the General Assembly clearly provided that the 1968 Criminal Code would apply to corporations as prescribed in § 26-803. If the General Assembly had intended that corporations be criminally responsible only for those crimes on which fines were authorized, it certainly could have said so. It did not. On the contrary, the General Assembly provided that corporations could be prosecuted for crimes authorized or performed by the board of directors or a managerial official acting within the scope of his employment in behalf of the corporation.

In order to carry out the clear legislative intent that a corporation be held responsible for its crimes we must look to other provisions of law enacted by the General Assembly. Code Ann. §§ 27-2502 and 27-2529 (as amended), when read together, provide that the judge fixing sentence shall prescribe a determinate sentence for a specific number of years within the limits set by law, may probate a noncapital felony sentence upon such terms as he deems proper, and may impose a fine upon the convicted party not to exceed $10,000 (or the fine fixed by law, whichever is greater). As was said in *Southern R. Co. v. State,* 125 Ga. 287, 289 (54 SE 160) (1906), "While a corporation may not be imprisoned, it may be fined, and the fine enforced by levy on its property."

The defendants argue that probation is an act of leniency, and that under our law probation and payment of a fine cannot be imposed unless a sentence of confinement can first be imposed and then suspended. This technical argument leads to "corporate immunity" for serious crimes and "corporate accountability" for less serious crimes (those for which fines can be imposed; e.g., misdemeanors, where the fine shall not exceed $1000, Code Ann. § 27-2506). Unlike the defendants, we do not consider a $10,000 fine to be an act of leniency. Moreover, it is illogical to assume that the General Assembly intended for corporations to be held responsible for minor crimes but not responsible for major ones.

In order to effectuate the clear intent of the General Assembly, we find that pursuant to Code § 26-803 (a) a corporation can be prosecuted for violating the law, and that a court may sentence a corporation to serve a term for years (even though such sentence be

incapable of enforcement) and may suspend that sentence and impose a fine. Code Ann. §§ 27-2502 and 27-2529.

(c) The Shepherds filed a motion for discovery praying for an order compelling the State to disclose Brady materials. Following a hearing, the trial court denied said motion. The Shepherds complain that the trial court erred in not conducting an in-camera inspection of the state's file and in not sealing the materials so inspected.

The Shepherds did not make a motion either for an in camera inspection or to have the materials so inspected sealed. The present enumeration of error is therefore without merit. See *Hamby v. State,* 243 Ga. 339, 341 (253 SE2d 759) (1979); *McGuire v. State,* 238 Ga. 247, 248 (232 SE2d 243) (1977).

(d) Having reviewed the Shepherds' remaining enumerations of error and the record relevant thereto, we hold that each of the remaining enumerations of error is without merit.

*Judgment in case no. 37387 reversed. All the Justices concur, except Undercofler and Smith, JJ., who dissent to Division I (a) and the judgment of reversal. Marshall, J., not participating.*

*Judgment in case nos. 37421 and 37422 affirmed in part and reversed in part. All the Justices concur, except Hill, P.J., and Gregory, J., who dissent to Division II (a) and the judgment of reversal. Marshall, J., not participating.*

*Judgment in case no. 37473 affirmed. All the Justices concur, except Undercofler and Smith, JJ., who dissent to Division II (b) and the judgment of affirmance. Marshall, J., not participating.*

Case No. 37387 Decided July 7, 1981 — Rehearing denied July 23, 1981.

Case Nos. 37421, 27422, 37473 Decided July 23, 1981 — Rehearing denied July 30, 1981.

*Arthur K. Bolton, Attorney General, G. Thomas Davis, Special Assistant Attorney General,* for the State (case nos. 37387, 37421, 37422.)

*Schreeder, Wheeler & Flint, David H. Flint, Warren O. Wheeler, Charles H. Hyatt, Arrington, Rubin, Winter, Krischer & Goger, Marvin S. Arrington, John J. Goger, David R. Rogers,* for Shepherd Construction Company, Inc. et al.

*Troutman, Sanders, Lockerman & Ashmore, William G. Vance, Alan E. Lubel, Ralph H. Greil, Mitchell S. Rosen, Howrey & Simon,*

*Ray S. Bolze, Roger C. Simmons,* for Ashland-Warren, Inc.

*Arthur K. Bolton, Attorney General, G. Thomas Davis, Special Assistant Attorney General, Michael E. Sullivan, Special Assistant Attorney General, Lewis R. Slaton, District Attorney, Edward T. M. Garland, Joseph F. Page, Cook & Palmour, Bobby Lee Cook, L. Branch Connelly,* for the State et al.

UNDERCOFLER, Justice, dissenting to Division I (a) and the judgment in case no. 37387.

I must agree with the trial judge that Code Ann. § 26-2308 (a) is unconstitutional because facially vague. It makes criminal the restraint of free and open competition in a transaction with the State. However, restraint of free and open competition is not defined and it is not the judiciary's prerogative to define it and thereby establish a crime. This is a legislative function and responsibility. Some respectable authority even questions whether the phrase is capable of definition. Thus, persons must guess whether their business practices involve them in a transaction with the State and whether these practices are legitimate or criminal. Our constitution demands an identifiable offense before a person can be convicted and incarcerated. The statute fails to meet that standard.

I am authorized to state that Justice Smith joins in this dissent.

SMITH, Justice, dissenting to Division II (b).

I, too, believe that corporations *should* be accountable under a criminal bid-rigging statute. However, the determination that corporations *are* to be held accountable is for the legislature. The majority's holding that the legislature *has* made such a determination can only be described as legal fantasy.

Code Ann. § 26-2308 (a) provides *only* for corporal punishment — "imprisonment for not less than one nor more than five years." "[I]t is . . . well settled that where the only penalty provided for a criminal offense is corporal punishment, that is where an offender can be punished only by death or imprisonment, a corporate offender is not liable to criminal prosecution. This result proceeds from the impossibility of subjecting the artificial person of a corporation to a corporal penalty." Annot., Corporation's Liability to Criminal Prosecution as Affected by Punishment or Penalty Imposed, 80 ALR3d 1220, 1222 (1977); *Southern R. Co. v. State,* 125 Ga. 287 (54 SE 160) (1906); State ex rel. Losey v. Willard, 54 S2d 183 (Fla. 1951); People v. Duncan, 363 Ill. 495 (2 NE2d 705) (1936); State ex rel. Kropf v. Gilbert, 213 Wis. 196 (251 NW 478) (1933). Presumably our

legislature was cognizant of an almost universally recognized legal principle when it enacted Code Ann. § 26-2308. See *Brookins v. State,* 221 Ga. 181, 190 (144 SE2d 83) (1965).

I find it inconceivable that Code Ann. §§ 27-2502 and 27-2509 were intended to provide the basic sentence for violation of the bid-rigging statute. "The manifest purpose of Code Ann. § 27-2502 is merely to enforce those other provisions which fix the punishment for an offense . . ." *Lackey v. State,* 116 Ga. App. 789, 790 (159 SE2d 188) (1967). Code Ann. § 27-2529 simply authorizes the imposition of a fine *where the basic sentence has been probated.* It is obvious that, under this statutory scheme, a basic sentence, capable of being imposed and probated, must exist apart from the fine. However, the only lawful sentence provided in Code Ann. § 26-2308 is imprisonment, and, as the majority recognizes, such a sentence cannot be imposed on a corporation. *Southern R. Co. v. State,* supra. The majority's resort to legal fiction (i.e. probation of a sentence which cannot be imposed, followed by imposition of a fine incident to the probation) in order to reach a particular result seriously undermines the previously unassailable rule that "criminal statutes must be strictly construed against the state." *Knight v. State,* 243 Ga. 770, 775 (257 SE2d 182) (1975).[1]

Although the plain language of the two statutes should be dispositive of the "issue" *(Hill v. State,* 53 Ga. 125, 127 (1874); *Balkcom v. Heptinstall,* 152 Ga. App. 539 (263 SE2d 275) (1979)), it must also be noted that there is absolutely nothing in the legislative history of Code Ann. §§ 27-2502 and 27-2529 to support the majority's conclusion that these provisions were intended to provide the basic sentence for violation of the bid-rigging statute. The two sections were enacted during different legislative sessions than Code Ann. § 26-2308, and the statements of purpose preceding the enactments make no reference to it.

Manifestly, the majority has chosen to ignore a number of established legal principles in Division II (b) of its opinion. I must respectfully dissent.

---

[1] Even the legal fiction employed by the majority does not stand scrutiny. Under Code Ann. § 27-2502, the authority of the trial court to probate a sentence is discretionary. The fine authorized by Code Ann. § 27-2529 is also discretionary. Thus, the very existence of a sentence capable of being imposed against a corporation for violation of Code Ann. § 26-2308 (a) will, in every case, depend upon a post facto exercise of discretion by the trial court. This hardly comports with my understanding of a sentence "prescribed" for an offense. See *Johnson v. State,* 169 Ga. 814, 817 (152 SE 76) (1929).

GREGORY, Justice, dissenting.

I respectfully dissent to Division II (a) of the majority opinion.

As to Division II (a), the majority opinion holds the State's allegation that the offense was unknown until October 20, 1980 is insufficient to toll the running of the statute of limitations. My view is that the tolling statute includes that period of time when the offense is unknown. The statute provides for tolling of the period of time in which "the person committing the crime or crimes is unknown . . ." Code Ann. § 26-503 (b).

If the crime is unknown the person committing the crime must necessarily be unknown. It is not the knowledge of a person as an individual but the knowledge of a person as the offender which relates in a rational way to the tolling of the statute.

I am authorized to state that Presiding Justice Hill joins in this dissent as to Division II (a).