37344. TRIBBLE v. THE STATE.

PER CURIAM.

The Georgia Court of Appeals has certified the following two questions to this court:

"1. Does a 'Brady Motion' (Brady v. Maryland, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963)) by a defendant 'generally' for 'all information which is in its (the State's) possession or purview . . . which could in any way [be] exculpatory, favorable or arguably favorable to defendant's defense,' require a trial court to conduct an in camera inspection of the prosecutor's files? [Cits.]

"2. If the answer to the first question is negative, does a 'Brady Motion' which 'specifically' requests access to an item of evidence or information require the trial court to conduct an in camera inspection of the prosecution's files? [Cits.]"

1. "In many cases . . . exculpatory information in the possession of the prosecutor may be unknown to defense counsel. In such a situation he may make no request at all, or possibly ask for 'all *Brady* material' or for 'anything exculpatory.' Such a request really gives the prosecutor no better notice than if no request is made. If there is a

duty to respond to a general request of that kind, it must derive from the obviously exculpatory character of certain evidence in the hands of the prosecutor. But if the evidence is so clearly supportive of a claim of innocence that it gives the prosecution notice of a duty to produce, that duty should equally arise even if no request is made. Whether we focus on the desirability of a precise definition of the prosecutor's duty or on the potential harm to the defendant . . . there is no significant difference between cases in which there has been merely a general request for exculpatory matter and cases . . . in which there has been no request at all." United States v. Agurs, 427 U. S. 97, 106-107 (96 SC 2392, 49 LE2d 342) (1976).

The duty of the prosecution to provide exculpatory material to the criminal defendant must be distinguished from the "duty" of the trial court to conduct an in camera inspection. The two are not coextensive. While *"Brady* imposes an affirmative duty on the prosecution to produce at the appropriate time . . . evidence which is materially favorable to the accused . . ." Williams v. Dutton, 400 F2d 797, 800 (5th Cir. 1968), the in camera inspection is merely a procedure which has been employed by the courts of this state as a means of accommodating the interest of the state in the effective prosecution of criminal cases and the interest of the accused in the preparation of his defense. See, e.g., *Strong v. State,* 246 Ga. 612 (272 SE2d 281) (1980); *Fleming v. State,* 236 Ga. 434, 438 (224 SE2d 15) (1976); *Jarrell v. State,* 234 Ga. 410, 418 (216 SE2d 258) (1975); *Payne v. State,* 233 Ga. 294, 296 (210 SE2d 775) (1974); see also United States v. Harris, 458 F2d 670, 677 (5th Cir. 1972). We hold that a trial court is not required to conduct an in camera inspection of the state's file in connection with a "general" Brady motion unless, after the state has made its response to the motion, the defense makes a request for such an inspection. *State v. Shepherd Const. Co.,* 248 Ga. 1 (281 SE2d 151) (1981); *Hamby v. State,* 243 Ga. 339, 341 (253 SE2d 759) (1979); *Houser v. State,* 234 Ga. 209, 213 (214 SE2d 893) (1975).

In *Hicks v. State,* 232 Ga. 393, 396 (207 SE2d 30) (1974), this court held: "The appellant has the burden of showing how his case has been materially prejudiced, *even when the trial court declines to make an in camera inspection."* (Emphasis supplied.) See also *Pryor v. State,* 238 Ga. 698, 706 (234 SE2d 918) (1977); *Street v. State,* 237 Ga. 307, 316 (227 SE2d 750) (1976); *Coachman v. State,* 236 Ga. 473, 475 (224 SE2d 36) (1976). To the extent this language implies that a trial court may decline to make an in camera inspection notwithstanding a proper request, it will not be followed. However, we do not retreat from the rule that "a defendant bears the burden of showing prejudice to his case resulting from the prosecution's refusal to turn over documents or evidence." Id. at 475; *Dickey v. State,* 240

Ga. 634, 636 (242 SE2d 55) (1978); *Durham v. State,* 239 Ga. 697, 700 (238 SE2d 334) (1977); *Payne v. State,* supra at 296-297.

2. Consistent with our holding in Division 1 of this opinion, we hold that the trial court is not required to conduct an in camera inspection of the state's file in connection with a "specific" Brady motion unless, after the state has made its response, the defense makes a request therefor. See *Wilson v. State,* 246 Ga. 62, 65 (268 SE2d 895) (1980); *State v. Shepherd Const. Co.,* supra. We note that, even in the absence of a motion for in camera inspection, if the prosecution possesses specifically requested evidence and "if the subject matter of such a request is material, or indeed if a substantial basis for claiming materiality exists, it is reasonable to require the prosecutor to respond either by furnishing the information or by submitting the problem to the trial judge. When the prosecutor receives a specific and relevant request, the failure to make any response is seldom, if ever, excusable." United State v. Agurs, supra at 106.

3. Our holding in this case should not be construed as requiring *reversal* of a conviction solely on account of the trial court's failure to conduct an in camera inspection. Assuming material information has not been wrongfully withheld, "this error . . . [generally] could be cured by post-trial examination . . ." *Rini v. State,* 235 Ga. 60, 65 (218 SE2d 811) (1975).

4. In summary, we hold as follows: a) The trial court is not required to conduct an in camera inspection under a "general" Brady motion. b) After the state has made its response to the motion, the defendant may request an in camera inspection, and the trial court must comply with this request. c) The same rules apply with respect to a "specific" Brady motion.

*Both certified questions answered in the negative with the qualifications stated. Jordan, C. J., Hill, P. J., Marshall, Clarke, Smith and Gregory, JJ., concur.*

DECIDED SEPTEMBER 21, 1981 —
REHEARING DENIED OCTOBER 8, 1981.

*McAllister & Roberts, J. Dunham McAllister,* for appellant.
*Robert E. Keller, District Attorney, Jack Wimbish, Assistant District Attorney,* for appellee.