## 38589. HILL v. THE STATE.

WELTNER, Justice.

Lee Hill shot and killed Matlene Lee with a handgun. He was tried by jury in Baldwin County, convicted of murder, and sentenced to life imprisonment.

After the shooting, Hill drove to the sheriff's office, was informed of his Miranda rights, and twice gave statements to agents about the incident, the second statement being as follows:

"On March 30, 1981 around 12:30 p.m., . . . Madeline and her little girl came to my trailer. . . . She told me to come up to her house in about thirty minutes and have supper with her. . . .

"I went to her house after taking a bath and knocked on the door. I knocked on the door three times and someone shot through the door at me. I think there was two or three shots which came through the door. I could see a white smoke in the air. The gun shots sound like her 25 automatic that she carries all the time. I then pulled my gun from my pocket that I carry all the time because of my business [that] I run. I knocked again.

"Madeline asked who is it and I said, 'It's Junior Hill; who in the hell do you think it is.' I hit the door one time, with my right hand, which had the gun in it. The door came open and I saw Madeline standing in the doorway of the den with her gun. Madeline had both hands on the gun and was pointing it straight at me. Madeline was crying and she had her pistol. I was standing in the front door. When she aim, I shot her. Madeline fell to the floor. I saw that she was bleeding. I turned around and left the trailer. As I was leaving someone closed the door. I knew that there wasn't anyone else in the house. I went straight to Buddy Johnson and told him to call an ambulance and the Sheriff. . . . I went to the Sheriff's office and turned myself in."

Hill's first account of the events was similar to the second, except that he stated that Matlene was the person who fired through the closed door three times, and that he was four feet inside the door when he shot her.

At the trial, Hill claimed that upon hearing three or four shots inside the trailer, he feared Matlene was in danger, and that she was

sick, so he pulled out his .38 caliber pistol, kicked open the trailer door, and shot the victim in self-defense after she shot at him. He stated ". . . that pressure had lifted off of me . . ." after the killing. Five character witnesses testified to Hill's good reputation.

Witnesses for the State testified that on the afternoon after the shooting, the deputy sheriff kicked open the locked door of the mobile home and found the victim on the floor with a .25 caliber automatic pistol next to her hand. A bullet had severed her spinal cord. The victim's three-year-old daughter was found unharmed in the trailer, and a shotgun was recovered in the bedroom.

A GBI agent and an expert from the crime laboratory testified that a shotgun had been fired once from inside of the trailer, hitting the wall beside the front door in the living room. A .38 caliber projectile was recovered from the victim's body and from the hallway, and a small caliber projectile was lodged in the bedroom wall.

The victim's husband, Joseph Lee, testified that he had separated from his wife at one time because of her relationship with Hill, but had become reconciled, and was living with his wife at the time of her death. The husband had bought land from Hill, who refused to turn over the deed to the land, and he testified that his wife had planned to talk to Hill about the deed on the day of her death.

The State argued that Hill had arrived at the mobile home uninvited and refused to leave; that the victim feared him and fired a warning shotgun blast into the wall; that she went to her bedroom and picked up her .25 caliber pistol; and that Hill forced his way into the mobile home and killed her.

1. A rational trier of fact could have found Hill guilty of the crime of murder beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307, 319 (99 SC 2781, 2789, 61 LE2d 560) (1979).

2. Hill filed a discovery motion prior to his arraignment requesting certain material and moving for an in camera inspection of the district attorney's file. The court granted some of Hill's requests, but denied his motion for an in camera inspection. After the jury had retired, Hill renewed this motion, which again was denied.

We remanded this case ". . . with direction that the trial court conduct an in camera inspection of the State's file, as previously requested by the defendant, and in accordance with our holding in *Tribble v. State,* 248 Ga. 274 (280 SE2d 352) (1981)." After inspecting the file, the trial court found nothing arguably favorable to the defendant. Defendant was not harmed by the initial refusal of the trial court to make the in camera inspection.

3. Hill's complaints relative to the introduction of certain photographs and to the closing arguments of the district attorney are without merit.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 19, 1982 —
REHEARING DENIED NOVEMBER 2, 1982.

*Gardner & Gardner, Milton F. Gardner, Jr.,* for appellant.
*Joseph H. Briley,* District Attorney, *Michael J. Bowers,* Attorney General, *Virginia H. Jeffries,* Staff Assistant Attorney General, for appellee.