### 74532. STAFFORD v. THE STATE.
(363 SE2d 637)

McMURRAY, Presiding Judge.

Defendant appeals his conviction of conspiracy to commit the offense of trafficking in cocaine. *Held*:

Defendant contends the trial court erred in refusing to conduct an in camera inspection of the tape recorded statements of unindicted conspirators and in refusing to preserve the taped statements for review upon appeal. While the trial court examined a written summary of the statements at issue, defendant specifically requested (at trial following the State's response to defendant's general *Brady* motion) an in camera inspection of the tape recordings. A trial court is required to make an in camera inspection of specific items of evidence or information assertedly discoverable under *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215). Therefore, in the case sub judice the trial court was required to comply with the specific request for an in camera inspection of the tape recordings. *Tribble v. State*, 248 Ga. 274 (280 SE2d 352). In accordance with such cases as *Hill v. State*, 250 Ga. 164, 165 (2) (295 SE2d 838), and *Castillo v. State*, 166 Ga. App. 817, 822 (4) (305 SE2d 629), the case sub judice is remanded with direction that the trial court conduct an in camera inspection of the tape recordings at issue. Upon the completion of this procedure by the trial court, defendant may file an out-of-time appeal.

*Case remanded with direction. Birdsong, C. J., Banke, P. J., Sognier and Benham, JJ., concur. Deen, P. J., Carley, Pope and Beasley, JJ., dissent.*

BEASLEY, Judge, dissenting.

I respectfully dissent because the Court's action invites another appeal or, worse still, another trial and appeal based on at least some of the same errors properly raised in this appeal.

Appellant enumerates five errors, one of which is the trial court's refusal to conduct an in camera inspection of the tape recorded statements to preserve them for appellate review. While I agree that the court erred and should have inspected the items for any discoverable portions, remanding the case for that purpose without ruling on the other enumerations will require defendant to appeal again on those enumerations if the court finds nothing discoverable, adding also that

ruling as an additional issue if defendant believes it erroneous as a matter of law. If, on the other hand, the court finds *Brady*-discoverable material and orders a new trial at which defendant will have the benefit of this material, it will not cure all of the other alleged errors asserted currently, and some of them will likely recur, requiring another appeal raising them again.

Consider the enumerations: the first is that conspiracy to traffic in cocaine merged with the completed substantive offense of trafficking in cocaine, as a matter of fact based on the evidence. If appellant is correct, a new trial ordered by the trial court after an in camera inspection would be a waste of time (the first took three days) because a conviction could not stand. If the trial court did not order a new trial after an in camera inspection, appellant would again have to appeal to get a ruling on this enumeration. The third possibility is that appellant's enumeration lacks merit; if that is the case, a ruling would eliminate that issue.

The second enumeration is that evidence of flight during arrest on an unrelated charge was erroneously admitted. If appellant is correct, a new trial ordered by the trial court after an in camera inspection would likely repeat the error because it had not been ruled inadmissible by this Court. If a new trial was not ordered, appellant would again have to appeal to get a ruling. If the evidence was admissible, we should say so and eliminate that issue without another appeal being necessary.

The third enumeration complains of the denial of a continuance to locate a subpoenaed witness. Although a new trial ordered by the trial court after the in camera inspection would render this moot, the opposite would require another appeal to achieve the appellate ruling to which Stafford is presently entitled. If he is wrong, we should so rule in order to obviate that second appeal on the same question.

The fifth and last enumeration is that the evidence was not sufficient to prove guilt beyond a reasonable doubt. If this is true, then the remand is totally unnecessary because the conviction will have to be reversed regardless of the discoverability of material in the taped statements. Again, consideration of the question is unavoidable and should be resolved now instead of months or years from now.

We are governed by OCGA § 5-6-30, which states the purpose of the Appellate Practice Act. We are compelled to construe it liberally "so as to bring about a decision on the merits of every case appealed to avoid dismissal of any case or refusal to consider any points raised therein," except as referred to in the Act. The posture and nature of the enumerations urged here fit into no exception provided. This imperative to decide the issues properly raised is illustrated by the Act. For example, certain methods are given for achieving decisions on the merits despite technical impediments in OCGA § 5-6-48.

In addition, although the Supreme Court of Georgia does not make our rules, we are not immune from the spirit of the Constitution which requires that court rules "shall provide for the speedy, efficient, and inexpensive resolution of disputes and prosecutions." Ga. Const. 1983, Art. VI, Sec. IX, Par. I. That very paragraph starts out: "The judicial system shall be administered as provided in this Paragraph." We, as a part of it, should seek finality at the earliest stage of criminal proceedings possible.

DECIDED DECEMBER 4, 1987.

*H. Gibbs Flanders, Jr.*, for appellant.
*Beverly B. Hayes, District Attorney, William T. McBroom, Assistant District Attorney*, for appellee.