## 76534. STAFFORD v. THE STATE.
(370 SE2d 646)

BANKE, Presiding Judge.

The appellant and two other individuals, Jack Guyton and Bennie Andrews, were jointly indicted on the charge of conspiring to traffic in cocaine. The indictment alleged that the conspiracy had also involved two unindicted co-conspirators, Wendell Waters and Ira Warnock. Of the three indictees, only the appellant was convicted. Both Guyton, who was tried jointly with the appellant, and Andrews, who was tried separately, were found not guilty.

This is the second appearance of the case before this court. In the earlier appeal, we remanded the case to the trial court for compliance with the appellant's request for an in-camera inspection of certain tape recordings in the state's possession. See *Stafford v. State*, 185 Ga. App. 205 (363 SE2d 637) (1987). The case is again before us following the trial court's entry of an order certifying that the tape recordings contain "no items of an exculpatory nature, no statements of key state's witnesses which could be used for impeachment purposes nor any items which could be used in mitigation of punishment." *Held*:

1. The appellant contends that because the evidence warranted a finding that the object of the conspiracy had been completed, the trial court should have ruled that the conspiracy merged with the substantive offense of trafficking in cocaine, with the result that he could not be convicted of conspiracy. As support for this position, the appellant cites *Crosby v. State*, 232 Ga. 599 (207 SE2d 515) (1974), and *Meyers v. State*, 174 Ga. App. 161 (329 SE2d 293) (1985).

In *Crosby*, the Supreme Court, citing *Dutton v. State*, 228 Ga. 850, 853 (188 SE2d 794) (1972), stated that to the extent the offense of conspiracy may be considered a lesser included offense to any charge alleged in an indictment, " 'it clearly is merged into the greater crime where the evidence shows without dispute that the crime charged was actually committed, or that all of the essential acts constituting the crime were committed.' " 232 Ga. at 602. However, the Supreme Court did not hold in *Crosby* that a conviction of conspiracy would never be allowed to stand under such circumstances. Rather, it held: (1) that because the evidence in that case established without dispute the commission of the substantive offense towards which the

conspiracy had been directed, the omission to charge on conspiracy was not error, and (2) that the defendant could not be convicted *both* of conspiring to commit a crime alleged in the indictment and of committing the crime itself. The former holding is merely an application of the principle that a defendant is not entitled to a charge on a lesser included offense where the evidence establishes without dispute the commission of the greater offense charged. See, e.g., *Robinson v. State*, 232 Ga. 123, 127 (3) (205 SE2d 210) (1974); *Payne v. State*, 231 Ga. 755 (1) (204 SE2d 128) (1974); *Dutton v. State*, supra, 228 at 853. The latter holding is merely an application of the principle, set forth in OCGA § 16-1-7, that although "[a]n accused may be prosecuted for each crime arising from the same conduct, . . . he may not be convicted of more than one crime if one crime is included in the other." *State v. Estevez*, 232 Ga. 316, 320 (206 SE2d 475) (1974).

Although this court's decision in *Meyers v. State*, supra, contains language which is supportive of the appellant's position, we subsequently held, in *Moser v. State*, 178 Ga. App. 526, 530 (343 SE2d 703) (1986), that "to the extent that the dictum in *Meyers* indicates that the state cannot elect to indict and proceed on a conspiracy charge where the object of the conspiracy is completed but not charged [it] will not be followed." Accordingly, this enumeration of error is without merit.

2. The appellant contends that the trial court erred in admitting evidence that he had attempted to flee from the police upon being arrested, since the arrest in question was on an unrelated charge and occurred prior to his being charged in connection with the cocaine conspiracy. This contention is without merit. The evidence revealed that, some 11 days prior to the arrest, unindicted co-conspirator Waters had been arrested in connection with the cocaine trafficking investigation; and the evidence further revealed that Waters' arrest had been highly publicized in the local newspapers. Under such circumstances, the appellant's attempt to elude his arrest was clearly a relevant factor to be considered by the jury in determining his guilt or innocence of the charge for which he was being tried. See generally *Johnson v. State*, 148 Ga. App. 702 (1) (252 SE2d 205) (1979).

3. The court did not err in refusing to grant a continuance to enable the appellant to obtain the presence of an absent witness, it being clear both that the testimony expected from the witness was merely impeaching and that it was cumulative of other testimony in the case. See *Grimes v. State*, 168 Ga. App. 372 (308 SE2d 863) (1983). *Gallimore v. State*, 166 Ga. App. 601 (305 SE2d 164) (1983). See generally OCGA § 17-8-25.

4. The evidence presented at trial was sufficient to enable a rational trier of fact to find the appellant guilty of the offense charged beyond a reasonable doubt. See generally *Jackson v. Virginia*, 443

U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
*Judgment affirmed. Birdsong, C. J., and Beasley, J., concur.*

DECIDED JUNE 2, 1988.

*H. Gibbs Flanders, Jr.*, for appellant.
*Beverly B. Hayes*, District Attorney, *William T. McBroom*, Assistant District Attorney, for appellee.